ELIZABETH SUTTON V. STELLA J. SUTTON ET AL.

FILED JUNE 20, 1900.   No. 9,080.

1. **Ejectment:** EQUITABLE DEFENSE. A defendant, in answer to a petition in ejectment, may show, by his pleading, that he is the equitable owner of the property and entitled to affirmative relief.

2. **Pleading:** REPLY: DENIAL. A reply which states that an answer does not state facts sufficient to constitute a defense to plaintiff's cause of action stated in his petition is not a denial of the matters pleaded in the answer.

3. **Bill of Exceptions:** PRESUMPTION. In the absence of a bill of exceptions, it will be presumed that an issue of fact raised by the pleadings received support from the evidence, and that such issue was correctly determined.

ERROR to the district court for Thayer county. Tried below before HASTINGS, J. *Affirmed.*

*J. B. Skinner* and *Frederick Shepherd,* for plaintiff in error.

*Frank Irvine* and *O. H. Scott, contra.*

SULLIVAN, J.

This action for the recovery of real property was brought by Stella J. and Ira T. Sutton against Elizabeth Sutton in the district court of Thayer county. The petition states that the plaintiffs have a legal estate in the premises, that they are entitled to the possession thereof, and that the defendant unlawfully keeps them out of the possession. The answer, after denying in general terms the averments of the petition, alleges that the land in controversy was entered by Tingley W. Sutton, the father of the plaintiffs and husband of the defendant, under the timber culture act, on July 12, 1880; that trees were planted and cultivated as required by that act until March 29, 1886, at which time Mr. Sutton died intestate; that the land was the family homestead of the Suttons from the time it was entered until final proof was made, and is still occupied by the defendant as her home. It is also alleged that the planting and cultivation required by the act of congress was done by Sutton during his lifetime and by his widow since his death. There is a prayer for an assignment of dower and for general relief. The reply is as follows: "Now come the above named plaintiffs and replying to the defendant's amended answer, say that paragraphs two, three and four do not state facts sufficient to constitute a defense to plaintiff's petition for the cause of action therein stated. And further reply say that they admit that Tingley W. Sutton named in defendant's answer entered the land therein described under the timber culture act on the 12th day of July, 1880, and admit that said defendant is the widow of said Tingley W. Sutton and that the plaintiffs herein are the only children of said Tingley W. Sutton, and that there are no descendants of children, or other heirs, of said Tingley W. Sutton, except said plaintiffs. And further replying, deny that said defendant has any dower or homestead interest, in said premises."

30

It was doubtless sufficient for defendant to deny generally the title alleged in the petition, but she was not obliged to stop there; it was proper for her to go farther and show by her pleading that she was the equitable owner of the property and entitled to affirmative relief. *Dale v. Hunneman*, 12 Nebr., 221. The reply was not, in our judgment, a denial of the matters pleaded in the answer; it was, and was manifestly intended to be, an admission of the facts stated and a denial of their legal sufficiency to constitute a defense to the action. The lower court, according to the record, found the issues in favor of the plaintiffs, and by its judgment confirmed their title and awarded them possession of the land. The evidence given at the trial is not before us, and, consequently, we should first inquire whether there was under the pleadings any issue of fact which, if found in plaintiff's favor, would be decisive of the controversy. If there was such an issue, the presumption is that it was correctly determined and that the judgment is therefore right. It seems to us that, notwithstanding the averments of the answer, admitted by the reply, the court might have found from the evidence that the plaintiffs were possessed of the legal title to the land, and entitled to its possession. Evidence may have been given at the trial showing that all the rights of the defendant in or to the property had been voluntarily transferred to the plaintiffs after the patent was issued, or that there was a former adjudication in plaintiffs' favor, or that the homestead character of the land was disputed and, on conflicting evidence, decided by the officers of the land department against the defendant. Conceding that Mrs. Sutton belonged to the class of persons designated by the act of congress to succeed to the rights of a deceased entryman, we can not say that the decision of the district court is shown by the record to be erroneous. The judgment is therefore

AFFIRMED.