BANKERS LIFE ASSOCIATION OF DES MOINES V. BOARD OF COMMISSIONERS OF DOUGLAS COUNTY.

FILED JANUARY 23, 1901. No. 9,360.

1. **Taxes: RECOVERY FROM COUNTY: COMPLIANCE WITH STATUTE.** One who seeks to avail himself of the statutory right to recover from a county taxes not paid under compulsion, must show a substantial compliance with the statute.

2. **Tax Receipt: SPECIFIC OBJECTION: CLAIM FILED WITH BOARD.** In such case the party must state specifically to the tax collector the ground of his objection and have it noted in the tax receipt which is to be attached to the claim filed with the county board.

3. **Petition: PROOF: SPECIFIC OBJECTION.** In an action to recover taxes paid under protest, the claimant must allege in his petition and prove at the trial that he made specific objection to the tax at the time he paid it.

4. **Bill of Exceptions: EVIDENCE.** In the absence of a bill of exceptions, duly allowed, this court can not consider the evidence adduced at the trial.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed.*

*O. B. Ayres,* for plaintiff in error.

*H. L. Day, contra.*

SULLIVAN, J.

This action, according to the averments of the petition, was brought by the Bankers Life Association of Des Moines, Iowa, to recover the sum of $108.13, which it paid to the treasurer of Douglas county to prevent the enforcement of what is claimed to be a void tax. The cause was submitted upon an agreed statement of facts, from which the court found that the plaintiff had paid the money as alleged and was entitled to recover back the sum of $42.38, that amount having been "erroneously collected." From a judgment rendered in accordance with the findings the association prosecutes error.

We are of opinion that the petition is defective in substance; that it does not state a cause of action for any part of the money paid to the county treasurer, and that the county would be entitled to a reversal but for the fact that it has acquiesced in the decision. It is not alleged in the petition or claimed by counsel for the association that the ground of protest was stated to the treasurer at the time the tax was paid. Such a statement is required by the statute, and is an essential step in the proceeding to recover money paid in satisfaction of a void tax. *City of Omaha v. Kountze,* 25 Nebr., 60; *Davis v. Otoe County,* 55 Nebr., 677. Section 144 of the revenue law (Compiled Statutes, 1899, ch. 77) requires

as a condition of relief that the claimant "shall file a statement in writing, duly verified, with the county board, setting forth the amount of tax paid under protest, the grounds of such protest, and shall attach thereto the receipt taken for said taxes." As was said in *Davis v. Otoe County, supra,* the protest to the tax-gatherer is the basis of the claim for repayment; and in the statement filed with the county board, as well as in the petition in the district court, if the case is appealed, the claimant can assign no "other, further, or different reasons than were sufficiently set forth in the document on which the action is predicated, the notice of protest." One who seeks to avail himself of the statutory right to recover from the county taxes not paid under compulsion must show a substantial compliance with the statute. If the ground of the objection is that the property upon which the taxes were levied was not liable to taxation, that fact must be stated to the collector and noted in the tax receipt which is to be attached to the claim filed with the county board. There being in the present case no averment in the petition, or proof at the trial, that the plaintiff made any specific objection to the tax, it was not, according to the decisions cited, entitled to any relief against the county.

There is another reason why the judgment must be affirmed. The agreed statement of facts is not in the record, the judge who tried the cause having made no order allowing a bill of exceptions.

AFFIRMED.