WILLIAM KEELER, APPELLEE, V. CHARLES MANWARREN ET AL., APPELLANTS.

FILED APRIL 10, 1901. No. 9,456.

1. **Absence of Bill of Exceptions:** PRESUMPTION. In the absence of a bill of exceptions containing the evidence, an order made by the district court confirming sale of real estate is presumed to be correct, and supported by sufficient evidence.

2. **Written Stipulation:** RECORD: BILL OF EXCEPTIONS. A written stipulation of facts or mode of proof filed in a cause forms no part of the record, unless made so by a bill of exceptions. *State Ins. Co. v. Buckstaff Bros. Mfg. Co.*, 47 Nebr., 1.

APPEAL from the district court for Hitchcock county. Heard below before NORRIS, J. *Affirmed.*

*John W. Cole*, for appellants.

*B. F. Smith, contra.*

HOLCOMB, J.

On an application to confirm a sale of real estate made under a decree in proceedings of foreclosure of a real estate mortgage the defendant objected to the confirmation on the ground that the notice of sale had not been published in a legal newspaper, within the meaning of chapter 49, Session Laws, 1895. We are prevented from reviewing the ruling of the trial court on the objection, because the evidence on which the same was had has not been properly preserved in a bill of exceptions. In the absence of a record containing the evidence, the presumptions are all in favor of the correctness of the ruling made, and the presumption will be that the same was based on sufficient evidence to sustain it. There is in

the record no bill of exceptions or anything purporting to be one.

A stipulation of the parties as to the purported facts regarding the publication of the newspaper in which the notice was published is copied in, and sought to be made a part of, the transcript of the proceedings in the case, and certified to as such by the clerk. Such a stipulation is, however, no part of the transcript, and can not be considered for the purpose of determining the sufficiency of the evidence introduced before the trial court in passing on the objections to confirmation. Says this court, in *State Ins. Co. v. Buckstaff Bros. Mfg. Co.*, 47 Nebr., 5: "The steps requisite to preserve the evidence upon which the jury found their verdict and the rulings of the court during the trial have not been taken. This could be accomplished only by a bill of exceptions duly settled in the mode required by statute. A stipulation of the attorneys in a cause is no more part of the record than a deposition or any other evidence which may have been improperly included in the transcript. Matters which are not properly part of the record can not be made so by being improperly inserted in the transcript. A stipulation of facts or mode of proof can not take the place of a bill of exceptions. *Credit Foncier of America v. Rogers*, 8 Nebr., 34; *State v. Knapp*, 8 Nebr., 436; *Herbison v. Taylor*, 29 Nebr., 217; *McCarn v. Cooley*, 30 Nebr., 552. This stipulation could have been brought into the record by a bill of exceptions; but that not having been done, it is not properly before the court, and hence it cannot be considered."

The ruling complained of must be presumed and held to be supported by the evidence.

AFFIRMED.