THOMAS D. MURPHY COMPANY v. EXCHANGE NATIONAL BANK OF HASTINGS.

FILED MAY 3, 1906. No. 14,305.

Sale: ACTION. Before a seller can maintain an action on the contract for the agreed price of a chattel, there must be such a delivery, actual or constructive, as will pass the title and vest the ownership of the property in the purchaser. If the possession and the title remain in the seller, and the purchaser renounces his contract, the law requires the seller to treat the property as his own, and to sue, if at all, for the damages he has sustained.

ERROR to the district court for Adams county: ED L. ADAMS, JUDGE. *Affirmed.*

*J. W. James,* for plaintiff in error.

*Tibbets Bros. & Morey, contra.*

DUFFIE, C.

On April 4, 1902, The Exchange National Bank of Hastings, Nebraska, gave an order to the Thomas D. Murphy Company for 250 calendars and 250 tubes to be deliv-

ered on or about December 1 of that year. The order provided that it was not subject to countermand and that neither party should be bound by any verbal contract. On April 28, 1902, the bank wrote the Murphy company as follows: "We wish hereby to countermand our order for calendars placed with your Mr Kain on April 23. Total amount of bill $28.50. Please take notice." In reply to this letter the Murphy company refused to cancel the order, and sometime in the latter part of November shipped the goods to Hastings, Nebraska, where they were tendered to the bank, which refused to accept them. Thereafter this suit was brought by the Murphy company for the contract price of the goods, amounting to $28.50. A trial was had to the court without a jury and judgment entered for the defendant.

The Murphy company insist that judgment should have gone in its favor; that the rule obtains in this state that, where a party refuses to accept goods which have been ordered, the other party may keep the goods and sue for his damages or, upon tender of the goods and refusal to accept them, may sue upon the contract for the agreed price. It may be that some of our former decisions support this view, but we think the rule has now become well established that, where title to the goods has not passed, where the contract, as in this case, is executory, the only remedy of the vendor, where the vendee refuses to accept the goods, is to sue for his damages for breach of the contract. The rule is well stated in *McCormick H. M. Co. v. Balfany*, 78 Minn. 370, 79 Am. St. Rep. 393, in the following language:

"Before a seller can maintain an action for the agreed price of a chattel, there must be such a delivery, actual or constructive, as will pass the title and vest the ownership of the property in the purchaser. If the possession and the title remain in the seller, and the purchaser renounces his contract, the law requires the seller to treat the property as his own, and to sue, if at all, for the damages he has sustained."

Whatever doubt may have existed in relation to the rule in this state was set at rest by the opinion in *Funke v. Allen,* 54 Neb. 407, where it is said:

"If a vendee in an executory contract of sale, or where the title of the property has not passed to him, refuses to perform, a right of action for damages arises in favor of the vendor for the injury or loss he has sustained by reason of the breach of the contract, and this is ordinarily or generally the difference between the market value of the property at the time and place of delivery, and the price fixed by the contract."

This rule was followed and approved in *Backes v. Black,* 5 Neb. (Unof.) 74. The latest expression of this court is found in *Hixson Map Co. v. Nebraska Post Co.,* 5 Neb. (Unof.) 388, where it is said:

"Either party to an executory contract may abandon or renounce his contract at any time before performance is due, on the usual terms of compensation to the other for damages which the law recognizes and allows, subject to the jurisdiction of equity and decree of specific performance in proper cases."

The contract sued on is clearly executory. The goods were to be manufactured and delivered at a later day. Title had not passed to the vendee, and title was not to pass until delivery of the goods about December 1 of the year in which the contract was made. As early as April the vendee gave notice of its intention to abandon the contract. It is probable, under the holding in *Hixson Map Co. v. Nebraska Post Co., supra,* that action for breach of the contract could not be maintained until the time for delivery had passed, and that until that time the vendee might have withdrawn its refusal to proceed with the contract. The vendee, however, did not recant, but stood upon its notice of refusal to receive the goods. In this condition of the case no action can be maintained on the contract by the vendor. It has a right of action for damages for breach of the contract, but not upon the contract for the agreed price of the goods.

The judgment of the district court is clearly right, and we recommend its affirmance.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.