HENRY J. BACKES, APPELLANT, v. FRANK H. SCHLICK, APPELLEE.

FILED SEPTEMBER 16, 1908.   No. 15,184.

1. Executory Contract: BREACH: DAMAGES. Where a contract is executory, one party has the legal right to stop performance on the other side by an explicit direction to that effect, subjecting himself to such damage as will compensate the other party for being stopped in the performance of his part at that stage in the execution of the contract. The party thus forbidden to proceed cannot afterwards go on, complete the contract, and recover the contract price as such; his only remedy being for damages for breach of contract.

2. ————: ————: REMEDY. Where the vendor in an executory contract for the sale of goods receives notice from the vendee that he will not accept delivery of the goods or pay for the same, and the vendor, notwithstanding such notice, leaves the goods at the place of delivery named in the contract, and brings suit against the vendee as for goods sold and delivered, he cannot recover in such action either the purchase price of the goods or the

22

damage sustained in consequence of the vendee's breach of the contract.

3. **Appeal: RECORD.** A written stipulation of facts or mode of proof filed in a cause forms no part of the record, unless made so by a bill of exceptions.

4. ———: **PRESUMPTIONS.** In the absence of a bill of exceptions, it will be presumed that an issue of fact raised by the pleadings received support from the evidence, and that such issue was correctly determined.

APPEAL from the district court for Platte county: JAMES G. REEDER, JUDGE. *Affirmed.*

*A. M. Post* and *R. P. Drake,* for appellant.

*John J. Sullivan* and *Louis Lightner, contra.*

DUFFIE, C.

December 10, 1904, the defendant, Schlick, agreed in writing to purchase from the plaintiff certain fruit trees, for which he agreed to pay $135 upon delivery of the same at Humphrey, Nebraska, on April 9, 1905. The agreement contains the following provisions: "I hereby agree to come or send for the goods purchased on the day set for delivery. * * * Parties not calling for them on that day will be charged livery hire and other expenses for delivering at their premises the following day." The plaintiff's petition sets out the contract; the failure of the defendant to call for the goods at Humphrey; and that upon such failure plaintiff, in compliance with the contract, delivered the goods to the defendant at his place of residence at an expense of $3. The petition further alleges that plaintiff has complied with each and all of the terms of said contract, but that defendant has refused to pay for the goods or any part thereof, and that there is now due the plaintiff the sum of $138, with interest from April 9, 1905, the date of delivery, for which judgment is demanded.

In his answer the defendant admits the making of the contract, and that he was notified of the time and place

of the delivery of the goods, and denied the further allegations of the petition. Further answering, he states: "That, within a few days after he gave the order or contract, he found that on account of a change of circumstances he could not use the goods, and thereupon, on the 12th of December, 1904, he so notified plaintiff and countermanded said order or contract, and again on March 2, 1905, he notified plaintiff that he would not accept or receive the goods, but plaintiff, regardless of said countermand and notification and of defendant's express refusal to take and pay for said goods, drove with them to the farm where defendant was boarding, and, in the absence of defendant, or of any one acting on his behalf, left said goods at the farm; that thereafter plaintiff drove to where defendant was working and informed him of what he had done, and defendant then refused to accept, receive or pay for said goods, and the owner of the farm where said goods were left also informed plaintiff that he should not leave said goods on said farm, and that he would not be responsible for them; that plaintiff, nevertheless, left them there, but defendant at no time accepted them nor exercised any act of ownership over them." He admits that the expense of hauling them to the farm where left was $3, admits that he did not call for or receive the goods at Humphrey, or elsewhere, and that he has not paid anything for or on account of them. He further alleges that at the time he countermanded his order or contract the nursery trees had not yet been selected or set apart as the property to be delivered to him under the contract, but were then standing and growing in plaintiff's nursery, an unidentified part of a great mass of like trees in plaintiff's possession and ownership.

A demurrer to this answer was overruled by the court, whereupon the plaintiff filed a reply, denying the facts set out in the answer by way of defense. The record recites that a stipulation of facts was filed by the parties, and the case submitted to the court for its decision. The court entered judgment dismissing plaintiff's petition and

taxing him with the costs. From this judgment he has appealed.

No bill of exceptions was allowed and signed by the judge trying the case, and, while the record contains a paper designated "Stipulation," we cannot consider the facts therein recited, in the absence of the certificate of the trial court, that it sets forth the evidence upon which the case was tried and determined. "A written stipulation of facts or mode of proof filed in a cause forms no part of the record, unless made so by a bill of exceptions." *State Ins. Co. v. Buckstaff Bros. Mfg. Co.*, 47 Neb. 1, and cases cited.

There being no bill of exceptions, the case will have to be determined upon the pleadings of the parties supported by the presumption in favor of the findings of the trial court. It is now well settled, where a contract is executory, that one party has power to stop performance on the other side by explicit directions to that effect, subjecting himself to such damages as will compensate the other party for being stopped in the performance of his part at that stage in the execution of the contract. The party thus forbidden to proceed cannot afterwards go on, complete the contract, and recover the contract price as such; his only remedy being for damages for breach of contract. *Murphy Co. v. Exchange Nat. Bank*, 76 Neb. 573; *Hixon Map Co. v. Nebraska Post Co.*, 5 Neb. (Unof.) 388. It is quite clear, under our former holdings, that the defendant was privileged to refuse acceptance of the goods from the plaintiff, and that the plaintiff's action for such refusal was not for the amount due upon the completed or executed contract, but for damages for breach of an executory contract which the defendant refused to perform. The answer set up facts constituting a defense to the plaintiff's action, and, in the absence of a bill of exceptions, we must presume that its statements were supported by the evidence and the issues made by the pleadings correctly decided. *Sutton v. Sutton*, 60 Neb. 400.

It is earnestly insisted that defendant's own pleading

shows a breach of the contract on his part, and that plaintiff is entitled to nominal damages. It is true that the law presumes that one has suffered damage by a breach of the contract by the other contracting party, and, if the breach shown by the defendant's answer was of the character alleged by the plaintiff in his petition, then this rule would be applicable. The trouble is, however, that the plaintiff seeks to recover on a completed contract as upon a sale and delivery of the goods, and not for a breach of contract. The plaintiff must recover, if at all, on some cause of action alleged in his petition. As said in 1 Black, Judgments (2d ed.), sec. 183: "A judgment must accord with and be warranted by the pleadings of the party in whose favor it is rendered. A judgment not supported by the pleadings is as fatally defective as one not sustained by the verdict or finding. Hence, the code, although it abolishes the forms of actions as they existed at common law, does not authorize a recovery where the complaint alleges facts showing a cause of action in tort by proving upon the trial a cause of action in contract." In 11 Ency. Pl. & Pr., 868, it is said: "A recovery must be had, if at all, upon the facts alleged, and facts proved, but not pleaded, will not support the judgment." The precise point was before the supreme court of Wisconsin in *Ward v. American Health Food Co.*, 96 N. W. 388 (119 Wis. 12). The fifth paragraph of the syllabus is in the following language: "Defendants contracted with plaintiffs for certain advertising to be placed by plaintiffs in certain railroad cars for a period of 12 months. On the expiration of 2 months and 17 days defendants directed plaintiffs to remove the cards, which they failed to do, and after the expiration of the 12 months brought suit to recover the contract price, alleging full performance. *Held*, That defendants' notification constituted a breach of the contract, and, hence, under the complaint, plaintiffs were not entitled to recover damages accruing therefrom, but could only recover the contract price for the 2

months and 17 days during which the contract was performed prior to the breach."

The record does not show any error in the disposition of the case made by the trial court, and we recommend an affirmance of the judgment.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.