CATHRYN SAWYER, APPELLEE, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, APPELLANT.

FILED DECEMBER 23, 1920.   No. 21163.

1. **Insurance: BENEFICIARY ASSOCIATION: CONTRACT: FUTURE BY-LAWS.** An agreement by a member of a fraternal beneficiary association to comply with existing and subsequently enacted by-laws applies to a future by-law exacting, on penalty of forfeiting his insurance,

payment of .reasonable, increased assessments to cover increased hazards resulting from a change of occupation.

2. ———: ———: BY-LAWS: REASONABLENESS. Reasonableness, in view of the powers, purposes and duties of a fraternal beneficiary association, is the test of a by-law, when challenged by a member as interfering with vested rights.

3. ———: ———: STATUS OF MEMBERS. The status of a member of a fraternal beneficiary association, who agrees to be bound by subsequently enacted by-laws, is not merely that of an insured, since he is part of a fraternal insurer, and is thus bound by the obligations of his membership to contribute his share to a general fund raised by assessments to pay the insurance of all beneficial members in good standing

4. ———: ———: OBLIGATION OF MEMBERS. By statute the government of a fraternal beneficiary association is required to be representative, and each member, being represented in its sovereign body, is bound by its legal enactments.

5. ———: ———: FORFEITURE. Forfeiture of fraternal insurance is a reasonable and necessary penalty for the enforcement of contributions to a fraternal insurance fund and for the protection thereof.

6. ———: ———: CHANGE OF OCCUPATION: NOTICE. A by-law requiring a member of a fraternal beneficiary association to give notice within 30 days of a change of occupation from laborer to switchman, and to pay in addition to his regular assessments 30 cents for each thousand of his insurance on penalty of forfeiture, is on its face reasonable, and is binding on a member who agreed in advance to comply with subsequently enacted by-laws, though the occupation of switchman was not a prohibited one or one requiring payment of increased dues when he became a member.

7. ———: ———: FUTURE BY-LAWS. A person becoming a member of a fraternal beneficiary association under a promise to conform to existing and subsequently enacted by-laws is charged with the duty of informing himself in regard to rules and regulations, and this duty extends to the exercise of the association's reserved power to make amendments or to enact new by-laws.

8. Pleading. Under the statutory rules of pleading, new matter in the reply to the answer is treated as denied.

9. Insurance: FORFEITURE: WAIVER. In a suit on a fraternal beneficiary certificate, waiver of a forfeiture arising from insured's failure to pay increased dues required by a change of occupation is not established by defendant's acceptance and retention of

unearned dues, where the undisputed evidence shows that defendant was without knowledge of the facts resulting in the forfeiture, and did not thereafter intend to waive it.

10. ———: BENEFICIARY ASSOCIATION: CHANGE OF OCCUPATION. Foreman of a switching crew in the switchyards of his employer *held* to be a switchman within the meaning of a fraternal beneficiary certificate, where he was required to perform the services of a switchman as a substantive part of the duties of his employment.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Gaines & Van Orsdel* and *De E. Bradshaw,* for appellant.

*Byron G. Burbank, contra.*

ROSE, J.

This is an action on a fraternal beneficiary certificate to recover $2,000 for life insurance and $100 for a monument. The certificate was issued by defendant, a fraternal beneficiary association, to H. W. Sawyer, insured, November 13, 1902. He died July 26, 1918. His wife was the beneficiary and is plaintiff. The defense pleaded is forfeiture of the insurance by insured's violation of a by-law alleged to be a part of the insurance contract. A waiver of the forfeiture is pleaded in the reply. Plaintiff recovered a judgment for the full amount of her claim, and defendant has appealed.

It is argued by defendant that the judgment is erroneous, and that there can be no recovery on the certificate for the reason that facts showing insured's forfeiture of the insurance are established by undisputed evidence. Insured became a member of the association while a laborer, and paid his monthly assessments or dues on that basis, namely $1.40, including a war tax of 10 cents, for sovereign camp dues and 25 cents for general fund dues. The right of his beneficiary to participate in the insurance funds of the society was conditioned upon his complying with existing and subsequently enacted by-laws. This condition was a part of his insurance contract, and he agreed to it in

advance as an obligation of his membership. As early as 1917, while insured was in good standing, defendant enacted a by-law requiring him, in the event of his engaging in the hazardous occupation of switchman, to give his subordinate camp notice of the change within 30 days, and to pay in addition to his regular monthly assessments or dues 30 cents on each thousand of his insurance. Forfeiture of the insurance was the penalty for a violation of the new by-law, though the occupation of switchman was not a prohibited one or one requiring additional payments at the time insured's certificate was issued. Insured entered the employ of the Union Pacific Railroad Company as a switchman January 7, 1918, and worked in that capacity until July 15, 1918, when he became engine foreman of the switching crew in the switch-yards of the same employer. While engaged in his duties as such foreman July 26, 1918, insured was dragged from the top of a railroad car by contact with an overhead wire and killed. After changing his occupation as laborer insured paid his assessments at the old rates, but he did not give the notice or make the additional payments required by the subsequently enacted by-law.

The facts outlined are not in dispute, but plaintiff contends that the new by-law is void as being unreasonable and as depriving her of vested rights. In this connection it is argued that the agreement to comply with subsequently enacted by-laws applies alone to rules of conduct and other fraternal features of membership or to reasonable regulations relating to insurance, but not extending to new grounds of forfeiture or to impairment of vested rights. It is earnestly insisted that impairment or forfeiture of the insurance contract was not within the contemplation of the parties, and that such consequences were not within the purview of a future by-law. The doctrine invoked by plaintiff to save her insurance runs through a line of cases cited by her. It may be conceded also that the universal opinion of the courts is that no unreasonable or confiscatory by-law enacted by a fraternal beneficiary association

is binding on a member. The power to adopt a rule of that nature has been taken away from the legislative department of government by the fundamental law of the state, and of course has not been granted to voluntary, fraternal associations. The test of validity, however, is reasonableness, when the powers, purposes and duties of the society are considered in connection with the by-law challenged as interfering with vested rights. The cases cited by plaintiff do not seem to justify the conclusion that the by-law in question is unreasonable and void, in the light of principles to which this court, like many others, is committed.

In considering the question presented the relationship of insured to the association is a material factor. His status was not merely that of an insured whose risk the association assumed. His membership made him a part of the fraternal insurer of all members. The association assumed no greater obligation to pay his individual insurance than he assumed to pay his share of a fund for the payment of all insurance losses of members in good standing. The obligations were mutual. Risks, occupations, assessments, dues and forfeitures were necessary subjects of fraternal legislation. In the legislative body each member was represented by delegates. The government of the association is representative, being made so by statute. *Lange v. Royal Highlanders,* 75 Neb. 188. Each member, either directly or indirectly, participated in the legislative proceedings and is bound by legal enactments. In agreeing to abide by subsequently enacted by-laws, insured contemplated all reasonable changes which might become necessary by experience or by changed or new conditions. In his contract he was apprised of unexercised, reserved power to enact future by-laws. In the very nature of the organization changes relating to occupations, dues, assessments and the means of enforcing payments are as essential as rules of conduct or other fraternal features of membership. Changes in both respects are contemplated by a member's agreement to conform to present and future by-

laws. *Farmers Mutual Ins. Co. v. Kinney,* 64 Neb. 808; *Lange v. Royal Highlanders,* 75 Neb. 188; *Funk v. Stevens,* 102 Neb. 681.

There is nothing in the evidence to show that the period of 30 days for giving notice of a change of occupation from laborer to switchman, as requird by the new by-law, was too short, or that the additional payments were not required by the imperative demands of insurance obligations. On the face of the by-law itself both notice and increase are reasonable. From the standpoint of insurance the occupation of switchman is obviously more hazardous than that of laborer. The cost of insurance increases with hazards. There is no proof that the assessments were unnecessarily increased or that the increase was excessive. In absence of such proof the provision for forfeiture is not shown to be unreasonable.

Notice of a change of occupation is a reasonable requirement. Occupation is an essential feature of an insurance risk and knowledge thereof is a prerequisite to membership. It follows that notice of a change of occupation may be required by a subsequently enacted by-law, and that it is reasonable.

Forfeiture is a reasonable and necessary penalty for the enforcement of contributions to a fraternal insurance fund and for the protection thereof. *Mitchell v. Lycoming Mutual Ins. Co.,* 51 Pa. St. 402. It seems clear, therefore, that insured, having made compliance with subsequently enacted by-laws a condition of his membership and of his contract for fraternal insurance, had no vested right which prevented the association from requiring him to give notice of his change of occupation from laborer to switchman and to contribute his just share to the general insurance fund on penalty of forfeiture. By such exactions and penalties only can a fraternal beneficiary association perpetuate its insurance feature and meet its insurance obligations to all of its members. According to the better reasoning and the weight of authority, the subsequently enacted by-law is reasonable. Under it and other terms of his contract

insured forfeited his insurance by his failure to conform to its requirements. *Gienty v. Knights of Columbus*, 105 N. Y. Supp. 244; *Schmidt v. Supreme Tent of Knights of Maccabees*, 97 Wis. 528; *Loeffler v. Modern Woodmen of America*, 100 Wis. 79; *Norton v. Catholic Order of Foresters*, 138 Ia. 464, 24 L. R. A. n. s. 1030; *Gilmore v. Knights of Columbus*, 77 Conn. 58; *Sovereign Camp, W. O. W., v. Nigh*, 223 S. W. (Tex. Civ. App.) 291; *Carter v. Sovereign Camp, W. O. W.*, 220 S. W. (Tex. Civ. App.) 239.

On the undisputed facts plaintiff cannot escape the consequence of forfeiture on the ground that insured had no notice of the new by-law. The obligations of his membership, his duties as part of a fraternal association engaged in raising money by assessments to pay the insurance of members, and his promise in advance to conform to subsequently enacted by-laws imposed upon him the duty of informing himself in regard to rules and regulations. *Mitchell v. Lycoming Mutual Ins. Co.*, 51 Pa. St. 402. This duty extended to the exercise of the reserved power of amendment or of future enactment. *Supreme Lodge, Knights of Pythias v. Knight*, 117 Ind. 489, 3 L. R. A. 409. Pursuant to statute defendant filed with the auditor of public accounts of the state a duly authenticated copy of the new by-law, where it was open to public inspection. Without such a filing the forfeiture pleaded would be unavailing as a defense. *Hart v. Knights of Maccabees of the World*, 83 Neb. 423. Insured had 30 days in which to give his local camp notice of the change of occupation. Besides, he had, during a former period of his long membership, paid additional assessments for increased hazards, and therefore had knowledge of this feature of his fraternal insurance.

Waiver of the forfeiture is urged to sustain the recovery in favor of plaintiff in the trial court. This plea is based on the failure of defendant to allege rescission of the insurance contract and the return or tender of the unearned assessments received under it; on the acceptance of the assessment for July, 1918, with knowledge of the circum-

stances attending insured's death; on the failure to refund within a reasonable time the unearned assessments received, including those paid after the alleged forfeiture; on a demand by defendant for proofs of death.

The plea of rescission and tender was unnecessary. Plaintiff's petition is based on the beneficiary certificate. In the answer defendant pleaded a forfeiture. The reply to the answer contained the plea that the forfeiture had been waived by the acceptance and retention of dues and by a demand for proofs of death. Under the statutory rule of pleading in Nebraska, new matter in the reply is treated as denied. To disprove a waiver of forfeiture, therefore, it was proper to adduce evidence that the beneficiary certificate had been forfeited, thus showing there was no insurance contract in force to be rescinded; that there was no intention to retain the unearned dues received, and that they had been tendered back.

Is a waiver of the forfeiture established by the acceptance and the retention of unearned dues and by the demand for, and the resulting expense of, the proofs of death? In law a waiver is the voluntary relinquishment of a known right. Knowledge and intention are elements of a waiver, and both must be proved. Though it was a contract obligation of insured, on penalty of forfeiture, to give notice of the change of occupation within 30 days, defendant was not apprised of that fact until after insured had been killed six months later. Plaintiff, with knowledge of insured's death July 26, 1918, asked her brother to pay the July assessment for that year and gave him the necessary money. Pursuant to instructions he went to the office of the clerk of the local camp July 27, 1918, presented the usual post card notice of the items due for that month according to his regular rates for the occupation of laborer, paid the dues to a young woman whom he found on duty, and procured from her a receipt for "Sovereign Camp dues, instalment No. 7, $1.40," and for "general fund dues to August 1, 1918, $ .25," total, $1.65. The additional item of 30 cents for each thousand of insurance, required by the

Sawyer v. Sovereign Camp, W. O. W.

subsequently enacted by-law, was not included in the no-
tice, payment, or receipt, nor had the increase been paid
for any month between January, 1918, and July, 1918.
When the brother of plaintiff stated his errand in the
office of the clerk of the local camp, the woman in charge
inquired: "Is this the man that was killed in South Oma-
ha last night?" The answer was: "No. It happened in
Omaha, the Omaha yards of the Union Pacific." In reply
to a further inquiry she was told that insured was "riding
on the top of a car," was hit by a wire, and was knocked
off, falling about 35 feet to the ground. Neither this testi-
mony nor any other proof shows that defendant, when the
last dues were accepted, had knowledge that insured had
changed his occupation from laborer to switchman, or
that he had been killed while working in that capacity, or
that as to increased assessments he had been in default
for six months, or that his insurance had been forfeited;
nor is there evidence that defendant knew these facts be-
fore plaintiff was asked to furnish proofs of death. When
the demand was made for proofs of death, therefore, after
the unearned dues had been accepted, the knowledge es-
sential to a waiver was wanting.

Is there any evidence that defendant intended to waive
the forfeiture? On that issue the burden was on plaintiff.
Retention of unearned dues under the circumstances does
not prove such an intention, when the uncontradicted facts
are considered. Five days after insured lost his life proofs
of death were verified by plaintiff, and it is thus shown
that he was killed while engaged in the occupation of
switchman. Within a few days, the exact date not being
given, plaintiff had a conference with an attorney for de-
fendant in his office in regard to her loss. It is a fair in-
ference from her version of what took place there that he
denied liability for insurance; she having testified that
he offered her $200 to settle her claim of $2,100. The clerk
of the local camp was directed by defendant to refund to
plaintiff the last dues paid by her, and the tender was
made probably within a month after the death of insured.

Plaintiff was told that the tender was made under instructions from the lodge. While the sufficiency of the tender is questioned, it refutes an intention to retain unearned dues or to waive the forfeiture. Less than five months after the fatal accident an attorney for defendant wrote, and plaintiff received, a letter inclosing a check for the dues paid after insured changed his occupation. This letter contains the unchallenged statement that plaintiff was already aware her claim had been rejected on the ground that insured had engaged in a hazardous occupation without notice and without paying the increased rate. This undisputed evidence shows conclusively that the intention necessary to a waiver of forfeiture has no basis in fact, and utterly refutes any inference of waiver from the acceptance and retention of unearned dues. *Norton v. Catholic Order of Foresters*, 138 Ia. 464, 24 L. R. A. n. s. 1030; *Gienty v. Knights of Columbus*, 105 N. Y. Supp. 244; *Ridgeway v. Modern Woodmen of America*, 98 Kan. 240.

In addition to the questions discussed it is contended that insured was not a switchman when killed. This proposition is based on his promotion from switchman to foreman of the switching crew July 15, 1918, resulting in a change of occupation and in an increase of daily wages from $4.94 to $5.18. As already explained insured had exposed himself to the hazards of a switchman from January 7, 1918, until July 15, 1918, without giving the notice or paying the increased rates required by his insurance contract. Furthermore, the switching crew was composed of two switchmen and insured, as foreman, all working together in the switch-yards where the switching crew worked before insured was promoted. His duties as foreman required him to perform at times the ordinary work of a switchman as a substantive part of the duties of his employment. He was on top of a car with a switchman in active service as such when knocked off the car. The evidence is insufficient to sustain a finding that he was not then a switchman within the meaning of his fraternal

beneficiary certificate. For these reasons this point does not seem to be well taken.

On the record as it now stands, the judgment in favor of plaintiff for insurance is without support in the evidence, but she is entitled to recover the amount conceded by defendant to be due for unearned assessments paid. The judgment is, therefore, reversed and the cause remanded for further proceedings.

REVERSED.