Hayes v. Pilger.

---

ROBERT HAYES ET AL., APPELLEES, V. CHARLES PILGER
ET AL., APPELLANTS.

FILED JULY 9, 1923. No. 23087.

1. **Habeas Corpus:** RELEASE: FEDERAL PRISONERS. As a general rule, state judges and state courts have no right to release a party on habeas corpus if it appears upon the application that he is confined under the authority, or claim and color of the authority, of the United States, by an officer of that governmnt.

2. ———: ———: JURISDICTION. The jurisdiction in such a case rests with the courts of the United States, and ot with the courts of the state.

3. **Criminal Law:** PRISONERS: UNLAWFUL DETENTION. Unexplained delay in filing a complaint and having a warrant issued for about 36 hours after the petitioners were arrested, without warrant, or complaint, and incarcerated in jail on a charge of violation of the national prohibition law, is unreasonable, oppressive, and unlawful.

4. **Habeas Corpus:** RELEASE: UNLAWFUL DELAY. Under such circumstances, the authority to detain in custody without a warrant ceases, even on the part of those asserting themselves to be officers of the United States, and a state court has the right to discharge persons so unlawfully held without warrant or complaint.

APPEAL from the district court for Madison county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*James C. Kinsler* and *Don W. Stewart*, for appellants.

*Webb Rice, contra.*

Heard before MORRISSEY, C. J., LETTON and ALDRICH, JJ., BLACKLEDGE and COLBY, District Judges.

LETTON, J.

Petition for a writ of habeas corpus; the petitioners were discharged; respondents appeal.

The proceeding was brought against Charles Pilger, chief of police of Norfolk, Nebraska, who has charge of the city jail, and three other defendants. It is alleged, in substance, that the latter three defendants "claimed to be police officers of the United States," commonly known as "booze hounds;" that the petitioners were arrested in Tilden, Antelope county, Nebraska, on July 5, and placed in the custody of Pilger at the jail in Norfolk, Madison county, on July 6; that no charge of any kind has been filed, or is pending against them in any court, or before any magistrate, or federal commissioner; that no warrant has been issued, and that they are detained at the caprice of the defendant; that they have been denied any right to consult an attorney, or to give bail; and that no charges will be filed until a representative of the federal district attorney arrives upon July 8: and that the imprisonment is unlawful.

The return alleges that the defendants, except de-

fendant Pilger, are "general prohibition agents of the United States of America;" that the applicants were arrested without a warrant, and that complaints were filed about 2:30 p. m. on July 7, and warrants issued.

The court found: "That the petitioners Brittell and Wendt were arrested and taken into custody by the defendants McMillan, Whitney and Gibson in the town of Tilden, Nebraska, at about the hour of 10:30 o'clock p. m. on the 5th day of July, 1922; that the petitioners Hayes and Casey were arrested and taken into custody by the said defendants at about the hour of 1:30 o'clock a. m. on the 6th day of July, 1922; and that said arrests were made by said defendants without any warrant or other process, and without any complaint having been filed before any magistrate or in any court, and without any charge or purported charge having been filed with any officer; but the said defendants claim that the petitioners Hayes and Casey were taken in the act of violating the national prohibition laws, and that the petitioners Wendt and Brittell were claimed by defendants to have violated the national prohibition laws.

"The court further finds that following said arrests the said defendants transported said petitioners to the city of Norfolk at about the hour of 4:00 o'clock a. m. on the 6th day of July, 1922, and placed said petitioners in the city jail of the city of Norfolk, and in the custody of Charles Pilger, who is chief of police and *ex officio* jailer of said city.

"The court further finds that said petitioners were imprisoned in said jail all of the 6th day of July, 1922, without any charge having been filed before any magistrate, and were further imprisoned without any charge having been filed against them until about the hour of 2:30 o'clock p. m. on the 7th day of July, 1922, and that no warrant or other process was served on the said petitioners during any of the times herein stated.

"The court finds that the imprisonment and detention of said petitioners for said time without process or any

charge filed against them was and is wrong and unlawful, and that said petitioners and each of them are entitled to be discharged upon their petition in habeas corpus.

"It is therefore ordered and adjudged that the petitioners be, and they hereby are, discharged, at the defendants' costs."

It is not clear whether any evidence was adduced other than what purports to be a stipulation of facts made at the trial. This is attached to the transcript, but was not settled and allowed as a bill of exceptions and is not a part of the record, and cannot be considered. *Backes v. Schlick*, 82 Neb. 289. We can only determine whether the pleadings support the judgment.

The contention of the United States district attorney on this appeal is that a state court has no authority to discharge in habeas corpus proceedings a prisoner held under the authority, or claim, or color of authority of the United States. Reliance is placed on *Ableman v. Booth*, 62 U. S. 506, and *Tarble's Case*, 80 U. S. 397, 409. In the first case the prisoner was held under complaint and warrant. In the latter the relator had been enlisted in the military service of the United States, and was held under claim and color of authority of the United States by a military officer of the government. It was held that the courts or judicial officers of the United States alone had authority to release the petitioner. It is said in *Tarble's Case*:

"State judges and state courts, authorized by laws of their states to issue writs of habeas corpus, have undoubtedly a right to issue the writ in any case where a party is alleged to be illegally confined within their limits, unless it appear upon his application that he is confined under the authority, or claim and color of the authority, of the United States, by an officer of that government. If such fact appear upon the application, the writ should be refused. If it do not appear, the judge or court issuing the writ has a right to inquire into the cause of imprisonment, and ascertain by what

Hayes v. Pilger.

authority the person is held within the limits of the state; and it is the duty of the marshal, or other officer having the custody of the prisoner, to give, by a proper return, information in this respect. His return should be suffi-cient, in its detail of facts, to show distinctly that the imprisonment is under the authority, or claim and color of the authority, of the United States, and to exclude the suspicion of imposition or oppression on his part. And the process or orders, under which the prisoner is held, should be produced with the return and submitted to inspection, in order that the court or judge issuing the writ may see that the prisoner is held by the officer, in good faith, under the authority, or claim and color of the authority, of the United States, and not under the mere pretence of having such authority."

There is no finding that the respondents are officers of the United States; but, assuming them to be such, the circumstances in the present case do not "exclude the suspicion of imposition or oppression" at the hands of officers of the United States. There are no facts shown which excuse or palliate the delay in filing complaints and procuring the issuance of warrants, within a reason-able time. It is clear that an unexplained delay of more than 36 hours after arrest before filing a complaint is unreasonable and oppressive, where the arrested person is confined in jail nearly all of this time. There is no proof that any one of the petitioners was in the act of violating the prohibition law, or that he had violated this law before his arrest. More than a reasonable time had elapsed after the arrest within which to file a complaint and procure the issuance of a warrant, the detention was unlawful thereafter, and petitioners were entitled to discharge.

AFFIRMED.