IN RE ESTATE OF BENJAMIN F. RAYMOND.
HENRY RAYMOND, INTERVENER, APPELLANT, V. W. ROLLIN SMITH, ADMINISTRATOR, APPELLEE.

FILED MARCH 22, 1935. No. 29220.

*M. O. Bates,* for appellant.

*Hamer & Tye* and *W. A. Stewart, Jr., contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

Henry Raymond, intervener in the above entitled cause, appeals from a judgment dismissing his petition in intervention and from an order confirming an administrator's sale of realty.

There is no bill of exceptions. The rule is that, where a case is brought to the supreme court on appeal without a bill of exceptions or special findings, the only question that can be considered by the court is the sufficiency of the pleadings to sustain the judgment of the lower court. *Stuart v. Burcham,* 50 Neb. 823; *Beatrice Savings Bank v. Beatrice Chautauqua Assembly,* 54 Neb. 592; *Kerr v. Adams County,* 96 Neb. 178; *Reigle v. Cavey,* 107 Neb. 446; *Gaines v. Warrick,* 113 Neb. 235; *Troyer Furniture Co. v. Orchard & Wilhelm Co.,* 121 Neb. 301.

It is also the rule that, "In the absence of a bill of exceptions, it will be presumed that an issue of fact raised by the pleadings received support from the evidence, and that such issue was correctly determined." *Backes v. Schlick,* 82 Neb. 289. See *Reigle v. Cavey, supra; Kerr v. Adams County, supra.*

From the pleadings it appears that W. Rollin Smith, as administrator of the estate of Benjamin F. Raymond, deceased, by proper proceedings duly asked for and obtained a license to sell real estate of his decedent for the payment of debts. The realty, for the sale of which license was granted, consisted of 160 acres of land in Custer county and a residence property in the city of Lexington. Pur-

suant to the license, both of the properties were advertised for sale, and the residence property in Lexington was sold; the administrator reported such sale to the court and asked for confirmation thereof. The land in Custer county was not sold for want of bidders. At this point in the proceedings Henry Raymond, a brother of Benjamin F. Raymond, intervened and alleged in his petition that the real estate in question did not belong to the estate of Benjamin F. Raymond but that the realty belonged to and was owned by intervener. He further alleged that he and his wife had executed a deed in which the name of grantee was left blank, and left the deed in the possession of one Stewart with certain instructions; that Stewart, without authority, had inserted the name of W. Rollin Smith, Guardian, as grantee, and had delivered the deed without authority. There were other allegations concerning the purpose for which the deed was executed by intervener which need not be here considered.

To this petition the administrator filed an answer in which it was alleged that the name of the grantee in the deed was inserted by direction of intervener, and that he had instructed the delivery of the deed to Smith who was then the guardian of Benjamin F. Raymond. It was alleged further that Benjamin F. Raymond had formerly owned the realty and had, without consideration and while he was incompetent, conveyed the realty to his brother, the intervener; that thereafter an action was begun by Benjamin F. Raymond against intervener to cancel and set aside the deed, and that the deed from intervener to W. Rollin Smith, Guardian, was executed as a compromise settlement of that action. The answer contained a denial of the allegations of the petition not specifically admitted. The record recites that there was a trial to the court upon the petition in intervention, the answer of the administrator thereto, the reply of the intervener, and the evidence, and there was a general finding for the administrator, W. Rollin Smith.

In the absence of a bill of exceptions, it will be pre-

sumed that every allegation of fact, favorable to the contention of the administrator, was supported by competent evidence and was correctly determined. The allegations of the pleadings are sufficient to support the judgment entered.

The record discloses no error prejudicial to intervener.

AFFIRMED.