OCCIDENTAL BUILDING & LOAN ASSOCIATION, APPELLEE, V. CARL E. CARLSON ET AL., APPELLANTS.

279 N. W. 162

FILED APRIL 21, 1938. No. 30273.

*N. P. McDonald,* for appellants.

*Robert G. Simmons, T. F. Wiles* and *M. H. Worlock,* contra.

Heard before GOSS, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ., and LIGHTNER and SPEAR, District Judges.

LIGHTNER, District Judge.

Foreclosure, decree for plaintiff and defendants appeal.

Appellee first contends that the appeal should be dismissed because a valid bond was not filed. At the time the motion for new trial was overruled the district court fixed the amount of the supersedeas bond at $500, and thereafter, but not within the 20 days limited by section 20-1916, Comp. St. 1929, the defendants filed a bond, which they designated "Appeal Bond," in the words and figures following:

"Know all men by these presents: That we, Carl E. Carlson, as principal, and Thomas G. Tritt, as surety, are held and firmly bound unto Occidental Building & Loan Association, a corporation, in the sum of $500, for the payment of which we jointly and severally bind ourselves, our heirs, executors and administrators.

"The condition of this obligation is such that,

"Whereas, the said Carl E. Carlson has appealed to the supreme court of the state of Nebraska from the decree of the said district court in the above entitled suit ordering and decreeing sale of the real estate involved in said action; and

"Whereas, said court has fixed the sum of $500 for bond to appeal from said decree to the supreme court of said state;

"Now therefore, if the appellant shall prosecute such appeal without delay and will not during the pendency of such appeal commit or suffer to be committed any waste upon said real estate, and pay all costs and all rents or

damages to such real estate which may accrue during the pendency of such appeal, then this obligation to be void, otherwise to be and remain in full force and effect." (Signatures and justification of surety.)

Appellee contends that this bond is ineffective because it was filed too late to supersede the judgment, and that it is not a proper cost bond under section 20-1914, Comp. St. 1929; that the consideration therefor wholly failed and that it is void. The general rule is laid down in 3 C. J. 1166, as follows: "It is generally held that, where the appellant executes a bond or undertaking for the purpose both of an appeal and a supersedeas, and it is insufficient in amount or in the conditions to operate as a supersedeas bond or undertaking, it will nevertheless operate as an appeal bond or undertaking if sufficient for that purpose." This in our judgment is a reasonable rule and we believe that it should be applied in this case. It follows that the bond in question was sufficient to operate as an appeal bond if it was filed within the time required by statute for filing a cost or appeal bond.

Appellee insists that the bond was not filed in time. It was filed 28 days after the motion for a new trial was overruled. While therefore it was not filed within the 20 days' limitation fixed by section 20-1916, Comp. St. 1929, it was filed well within the three months' limitation for a cost bond fixed by section 20-1914, Comp. St. 1929.

Appellee further claims that the consideration of the bond has failed, but inasmuch as it contains the necessary provisions under section 20-1914, Comp. St. 1929, to bind the obligors to pay the costs, it is effective as an appeal or cost bond and there is not a total failure of consideration. The mere fact that a $500 bond instead of a $75 bond was given and that it contains provisions sufficient to make it a supersedeas bond if it had been filed in time does not vitiate the valid provisions required in a cost bond, since it contains a provision to "pay all costs," which is equivalent in our judgment to the requirement of section 20-1914, Comp. St. 1929, that the bond be conditioned "that the ap-

pellant shall pay all costs adjudged against him in the supreme court." The motion to dismiss the appeal is therefore overruled.

The appellants make various complaints about the decree, but there is no bill of exceptions. Where on appeal in equity from a judgment of the district court the record contains no bill of exceptions and the pleadings are sufficient to support the judgment it will be affirmed. It is hardly necessary to cite authorities in support of this proposition. Late cases reiterating the rule are *Slosburg v. Hunter*, 132 Neb. 529, 272 N. W. 571, and *State v. Barney*, 133 Neb. 676, 276 N. W. 676. We have carefully examined the pleadings in this case and they are in our judgment sufficient to support the judgment. The judgment of the district court is therefore

AFFIRMED.