THOMAS PROKOP, APPELLANT, V. CHARLES S. MLADY ET AL., APPELLEES.

287 N. W. 55

FILED JULY 11, 1939. No. 30617.

*James P. Marron* and *D. E. Rissler,* for appellant.

*Leigh & Krajicek* and *Arthur L. Burbridge, contra.*

Heard before ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and LIGHTNER, DISTRICT JUDGE.

LIGHTNER, District Judge.

Suit on a promissory note executed by Charles S. Mlady and Charles Pavlik, Sr. Mlady made all the payments and Pavlik pleads the statute of limitations. The finding was in favor of Pavlik, and plaintiff appeals.

The note was dated April 7, 1925, due in two years, and plaintiff alleged in his petition that interest was paid up to and including April 7, 1930. Suit was filed March 3, 1933. Plaintiff claims that the note did not outlaw by reason of a provision in it to the effect that payment may be extended from time to time by agreement without notice and that after such extension or extensions the liability of all parties shall remain as if no extension had been made. The case was tried to the district court upon a stipulation of facts, and it also appears from the findings of the district court that defendant Pavlik testified at the trial. There is no bill of exceptions, but what purports to be a stipulation of facts is found in the transcript. Mr. Pavlik's testimony no where appears. The court did not make any special findings, but only a general finding in favor of defendant Pavlik.

"In the absence of a bill of exceptions, it will be presumed that an issue of fact raised by the pleadings received support from the evidence, and that such issue was correctly determined." *Backes v. Schlick,* 82 Neb. 289, 117 N. W. 707. See, also, *State v. Barney,* 133 Neb. 676, 276 N. W. 676; *Hayes v. Pilger,* 110 Neb. 609, 194 N. W. 727; *In re Estate of Raymond,* 128 Neb. 568, 259 N. W. 522. In such case, if the pleadings sustain the judgment, it will be affirmed.

A written stipulation of facts forms no part of a record for review unless made so by a bill of exceptions. *State Ins. Co. v. Buckstaff Bros. Mfg. Co.,* 47 Neb. 1, 66 N. W. 27; *Keeler v. Manwarren,* 61 Neb. 663, 85 N. W. 839. Other cases to the same effect are *Herbison v. Taylor,* 29 Neb. 217, 45 N. W. 626; *Bankers Life Ass'n v. Commissioners of Douglas County,* 61 Neb. 202, 85 N. W. 54.

"It is not clear whether any evidence was adduced other than what purports to be a stipulation of facts made at the trial. This is attached to the transcript, but not settled and allowed as a bill of exceptions and is not a part of the record, and cannot be considered. * * * We can only determine whether the pleadings support the judgment." *Hayes v. Pilger*, 110 Neb. 609, 194 N. W. 727.

An examination of the pleadings shows that the petition sets forth the promissory note in question in the first paragraph, and in the second paragraph alleges that payments were made thereon on April 7 of the years 1926 to 1930, inclusive. The answer filed by defendant Pavlik does not admit that any payments were made. It denies each and every allegation of the petition not admitted, pleads the statute of limitations, and alleges that at no time did defendant make any payments on the note set forth in the petition. He alleges in paragraph 3 of his answer that he signed the note as surety only for the defendant Charles S. Mlady and received no part of the proceeds of the note. The reply admits paragraph 3 of the answer, and pleads several affirmative matters, including that the note was extended by agreement with Mlady at the time of the last interest payment on April 7, 1930, but inasmuch as there is no evidence before us to support the allegations of the reply, they need not be further noticed. New matter in the reply to the answer is treated as denied. *Sawyer v. Sovereign Camp, W. O. W.*, 105 Neb. 395, 181 N. W. 191.

The matters argued in the briefs are interesting, but are not in our judgment presented to the court. If on appeal from a judgment of the district court the record contains no bill of exceptions and the pleadings are sufficient to support the judgment, it will be affirmed. *In re Estate of Raymond*, 128 Neb. 568, 259 N. W. 522; *Occidental Bldg. & Loan Ass'n v. Carlson*, 134 Neb. 574, 279 N. W. 162.

Our examination of the pleadings shows, as above explained, that they are sufficient to sustain the judgment, and it therefore should be and hereby is

AFFIRMED.