Drew v. Mumford.

PURL C. DREW, APPELLANT, V. GEORGE LE ROY MUMFORD ET AL., APPELLEES.

FILED DECEMBER 8, 1925. No. 25060.

1. Municipal Corporations: LIGHTING SYSTEM: LEVY. Section 4123, Comp. St. 1922, in so far as it authorizes the mayor and council of cities of the first class to levy a tax of five mills on the dollar for the respective purposes of lighting the streets and alleys and for extension or maintenance of a municipal lighting system, and for other purposes expressed in said section, *held* to be modified by section 5910, Comp. St. 1922, which reduces the amount of levy for the respective purposes specified in section 4123 to one mill on the dollar valuation.

2. ———: ———: ———. Provisions of sections 4396 and 4397, Comp. St. 1922, in so far as they authorize a levy of five mills on the dollar valuation, *held* to be modified by section 5910, Comp. St. 1922.

3. Statutes: AMENDMENT. Section 4123, Comp. St. 1922, being a part of an act complete in itself, is not inimical to section 14, art. III of the Constitution, which requires that "No law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed."

4. ———: REPEAL BY IMPLICATION. In such case, the earlier statute, in so far as it is inconsistent with the latter, will be deemed to have been repealed.

APPEAL from the district court for Gage county: WILLIAM J. MOSS, JUDGE. *Reversed, with directions.*

*Hazlett, Jack & Laughlin* and *Hainer & Flansburg,* for appellant.

*Sackett & Brewster, Frank A. Dutton* and *H. F. Mattoon, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMP-SON and EBERLY, JJ.

DAY, J.

The plaintiff, a citizen and taxpayer of the city of Beatrice, on behalf of himself and all other taxpayers similarly situated, brought this action against the defendants to enjoin them from enforcing the mill-rate levy in excess of one mill on the dollar valuation for the purpose of extending and maintaining the city's electric transmission lines.

The defendants filed a demurrer to the plaintiff's amended petition upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and, the plaintiff electing to stand on his amended petition, the cause of action was dismissed. From this judgment the plaintiff appeals.

The amended petition charged in substance that the city of Beatrice is a city of the first class having a population of more than 5,000 and less than 25,000; that for many years it has owned and operated a municipal electric plant used for the purpose of lighting the streets, alleys and public places in the city and for public lighting; that in recent years the city officials have extended the use of the electric current for commercial purposes; that for the year 1925 the city officials by proper ordinances appropriated $40,000 for line extension, equipment, and labor, and $8,500 for lighting the streets and alleys of the city; that said sums were to be raised by levying a tax upon the taxable property in the city; that the total assessed valuation of the city property did not exceed $9,922,000; that to meet the appropriation thus made requires a mill-rate levy of approximately five mills of the dollar valuation. The

amended petition further alleged that there is no power or authority in law given to defendants to levy a tax in excess of one mill on the dollar valuation for the purposes specified. The plaintiff prayed that all of the mill-rate levy in excess of one mill on the dollar valuation be decreed to be excessive, *ultra vires,* and void.

The plaintiff contends that an act of the legislature passed in 1921 and carried as section 5910, Comp. St. 1922, limits the power of taxing officers to a one-mill levy on the dollar valuation for the purposes specified in the action. On the other hand, the defendants contend that section 5910, above referred to, does not apply to those provisions of the statute which authorize cities of the class of the city of Beatrice to make a five-mill levy for the purposes specified, and, if it was so intended, would be unconstitutional.

The defendants' main reliance in justification of their action is upon section 4123, Comp. St. 1922. They also rely upon sections 4396 and 4397, Comp. St. 1922.

A determination of the question thus presented involves an examination of the several provisions of the statute to which reference has been made. Section 4123 in its present form was passed by the legislature of 1921 with an emergency clause and became effective April 14, 1921. The only change in the section in 1921 was to increase the amount of bonded indebtedness, which cities of that class might assume, from $150,000 to $250,000. The provisions of section 4123, in so far as they relate to the power of cities of that class to levy a tax of five mills on the dollar, have been effective since 1901, and while some minor changes have been made from time to time the power to make a levy of five mills on the dollar for the purposes specified in the act, including the purposes now before us, have not been changed. That section, in so far as it relates to the precise question now before us, provides in substance that the mayor and council are granted power to levy a tax for the purpose of paying the cost of lighting the streets, alleys, and lanes, and for the purpose of extending and maintaining electric and other light works. After enumerating a

large number of purposes for which a tax may be levied, including those now before us, the section contains a limitation upon the power to tax in these words: "Not exceeding five mills on the dollar for any one of the respective purposes." The provisions of the section are plain, and, if those relating to a five-mill levy are still in force, there would seem to be no doubt of the power of the mayor and council to levy a tax of five mills on the dollar for the purpose of lighting the streets and alleys and other public places, and also five mills on the dollar for the purpose of extending the electric lighting system of the city.

At this point it may not be amiss to refer to some matters relating to the general revenue law of the state. From an early period of the state's history, the law provided that property for the purpose of taxation should be assessed at its fair cash value. In practice, however, this provision of the law was not followed. It is a matter of common knowledge among residents of the state of forty years standing that property was valued for the purpose of assessment at but a fraction of its cash value. This situation caused considerable discussion, and in 1903 the legislature passed an act (Laws 1903, ch. 73) which in substance provided that property subject to taxation should be valued at its actual value, but should be assessed at 20 per cent. of the actual value. One of the purposes of this act was to conform the law to a practice of assessment which had grown up. The effect of the law of 1903 made but little difference in the amount of revenue raised, based upon the mill-rate levy authorized by statute. The manner of assessment as above outlined continued in force till the act of 1921, which will be discussed later in the opinion.

During the period when property was assessed at one-fifth of its actual value, acts were passed by the legislature authorizing taxing bodies to levy taxes on the assessed valuation not exceeding certain mill rates. It was during this period that section 4123 in its original form was enacted. During this time defendant city, as well as other cities of the same class, were limited in making a tax levy

for the same purposes now before us to a five-mill levy based upon a one-fifth valuation of property.

In 1921 the legislature passed a general revenue law complete in itself covering the entire matter of revenue, assessment and valuation. That act is now carried as chapter 61 (sections 5808-6228), Comp. St. 1922. Section 5820, Comp. St. 1922, is a part of the 1921 revenue act, and provides in substance that all property in the state subject to taxation shall be valued and assessed at its actual value. The effect of this valuation for taxable purposes was to increase the taxable value of property five fold. It was apparent, therefore, that unless the mill-rate levy of five mills on the dollar, which cities were authorized to levy for purposes enumerated in section 4123, was also reduced, five times more revenue could be raised by the cities under the new law than under the old law. We think it was to obviate this situation that the legislature of 1921 also passed an act which is carried as section 5910, Comp. St. 1922. That section, in so far as applicable to the present situation, provides in substance that it shall be unlawful for any city council to fix or make any levy upon the assessed valuation of property for the purpose of taxation in excess of 20 per cent. of the maximum rates of levy authorized by statutes in force on the date that this act becomes effective, except as different rates shall have been authorized by the legislature in the year 1921 either in specified sums or by percentage levies where the act states the levy is to be based on actual value. This act was passed April 26, 1921, and became effective July 29, 1921. The legislature of 1921 also passed section 4123, Comp. St. 1922, heretofore referred to. By virtue of an emergency clause that section became effective April 14, 1921.

Construing these sections of the statute in the light of the object sought to be obtained, we are quite convinced that, in enacting section 5910, the purpose was to reduce the tax levies in the same proportion as the taxable value of property was increased by section 5820, so that the taxes under such levies should not be greater than they were under the old one-fifth valuation law.

There is an exception in section 5910 to the effect that the tax rate shall not be reduced where the legislature of 1921 shall have in specific enactment at that session fixed a rate levy, and where the act fixing the levy expressly states that the levy is based upon actual value. It seems clear that section 4123 is not within the exception noted in section 5910.

It is argued by the defendant that, if section 5910 was intended to repeal the provisions of section 4123, the former section would be unconstitutional, because in conflict with that part of section 14, art. III of the Constitution, which provides: "No law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed." As before stated, section 5910 is a part of ch. 61, Comp. St. 1922. This chapter in itself is a complete revenue measure, and repeals by special reference a number of sections of the statute bearing on the general subject of taxation. It also recites: "All acts and parts of acts in conflict herewith are hereby repealed." When an act is complete in itself and does not purport to be an amendatory act, although the provisions of the act may be in conflict with other provisions of the statute, this court has held that the act is not in conflict with the clause of the Constitution above referred to. *State v. Cornell,* 50 Neb. 526; *Bryant v. Dakota County,* 53 Neb. 755; *Zimmerman v. Trude,* 80 Neb. 503; *Allan v. Kennard,* 81 Neb. 289. In such case the earlier statute will be construed to be repealed in so far as it is inconsistent with the latter.

The defendants also rely upon sections 4396 and 4397, Comp. St. 1922. Section 4396 provides in substance, in so far as applicable to the present situation, that cities of the first class, second class, and villages shall have the power to purchase, construct and maintain lighting systems. Section 4397 provides in substance that the cost of such utilities may be defrayed by the levy of a tax not to exceed five mills on the dollar valuation in any one year. What has been previously said with respect to the provision of sec-

tion 5910 repealing such portions of section 4123, in so far as they are inconsistent with section 5910, applies with equal force to sections 4396 and 4397.

Other arguments have been advanced in support of defendants' contention which we have considered but regard as having no merit. From what has been said, it would seem to follow that the levy of a tax to meet the appropriation of $8,500 for the purpose of lighting the streets and alleys is within the one-mill levy authorized by law upon the assessed valuation of the property in the city. It also appears that to meet the appropriation of $40,000 for extending and maintaining the lighting system would require a levy in excess of one mill on the dollar valuation, and to the extent of the excess would be *ultra vires* and void.

On the face of the record, unless an answer is filed raising an issue of the value of the taxable property in the city, a decree should be entered sustaining the levy in so far as it applies to the street lighting, and reducing the levy to one mill on the dollar for extension and maintenance of the lighting system. The district court is directed to enter a decree in conformance with the views expressed in this opinion.

REVERSED AND REMANDED.

Note—See Municipal Corporations, 19 R. C. L. p. 718; 4 R. C. L. Supp. p. 1286; 28 Cyc. 1669; Statutes, 36 Cyc. 1064, 1073, 1076.