STATE, EX REL. LIBERTY HIGH SCHOOL DISTRICT OF SIOUX COUNTY ET AL., RELATORS, V. L. B. JOHNSON, AUDITOR, RESPONDENT.

FILED DECEMBER 9, 1927. No: 26273.

*Morrow & Morrow,* for relators.

*O. S. Spillman, Attorney General,* and *George W. Ayres,* for respondent.

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

This is an original application for a peremptory writ of mandamus commanding the auditor of public accounts to register bonds voted and issued by the Liberty high school district of Sioux county in the sum of $30,000 to provide funds for the erecting and furnishing of a high school building. The refusal to register the bonds was based on the sole ground that they exceeded the amount authorized by statute. Five public school districts in Sioux county united to form the Liberty high school district. The latter proceeded under the statute authorizing the issuance of school bonds, but limiting the amount of the bonded indebtedness as follows:

"The bonds so issued shall not when added to the aggregate of the bonded indebtedness of the several school districts so united for high school purposes exceed ten per cent. of the aggregate assessed valuation of the several school districts as shown by the last preceding assessment." Comp. St. 1922, sec. 6383.

The valuation, according to "the last preceding assessment," was $1,382,000. The bond issue of $30,000, when added to the aggregate of the bonded indebtedness of the school districts forming the high school district, amounted to $56,000. This was less than 10 per cent. of the "aggregate assessed valuation of the several school districts as shown by the last preceding assessment." If the limit on the bonded indebtedness was 10 per cent. of the assessed valuation of the taxable property, the bond issue of $30,000 was not excessive. Relying on the provisions of the stat-

ute cited, the high school district contends that it is the duty of the auditor to register the bonds.

On the other hand, the auditor contends that a later statute limited the bonded indebtedness to 2 per cent. of the assessed valuation of the taxable property. Comp. St. 1922, sec. 5912. If the position thus taken is tenable, the bonds, of course, exceed the amount authorized.

The reply to the defense is that the statute limiting the bonded indebtedness to 2 per cent. of the assessed valuation of the property subject to taxation is void, because, as alleged, it violates the following provision of the Constitution: "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." Const. art. III, sec. 14.

The facts, including the history of the bonds presented to the auditor for registration, are fully pleaded by the school district. The question at issue is raised by a general demurrer to the application.

Is the limitation of 2 per cent. an enactment within the title of the bill containing that provision? That limitation originally appeared in the Laws of 1921, under the following title: "An act relating to public revenue; to provide means of administration thereof; to repeal articles I, II, III, VI, VII, VIII, and XI, of chapter 69, and section 6333 and section 6346 of the Revised Statutes of Nebraska for 1913; chapter 162 and 163, Session Laws of Nebraska for 1919; article IV, title II, of chapter 190, Session Laws of Nebraska for 1919; and to provide penalties for the violation thereof and to repeal all acts and parts of acts in conflict herewith." Laws 1921, ch. 133.

Under this title the legislature inserted in the bill the provision which, if valid, changed the former statute limiting bonded indebtedness to 10 per cent. of taxable property and fixed the limitation at 2 per cent. thereof. The earlier limitation was originally imposed in 1901 under a title in these words:

"An act to provide for the organization, government and maintenance of rural high schools." Laws 1901, ch. 64.

The legislation therefore shows that different limitations applicable to school district bonds were imposed at different times under different titles without the formality of a direct amendment by the later act. With the legislation in the condition indicated, it is vigorously argued by counsel for the Liberty high school district that the acts containing different limitations on the power of school districts to issue bonds relate to distinct subjects of legislation; that one subject relates to schools and the other to revenue; that the limitation fixed by the act relating directly to schools was a valid exercise of legislative power; that the limitation in the act relating to revenue is a violation of the constitutional provision that "No bill shall contain more than one subject, and the same shall be clearly expressed in the title;" that the legislation on these subjects has been enacted generally in separate bills, neither encroaching on the subject-matter of the other; that the limitations under the title "Revenue" was an unconstitutional departure from the previous course of legislation. In the argument on these propositions, extensive references were made to the history of the enactments on the subjects discussed and to judicial rulings on constitutional and statutory law, but a decisive precedent showing that the bonds in controversy are invalid has not been observed.

At a time when the school law limited the taxing power for bonding purposes to 10 per cent. of the assessed valuation of taxable property, the basis of assessment generally was 20 per cent. of actual value. Laws 1901, ch. 64, sec. 10; Comp. St. 1922, sec. 6383; Laws 1903, ch. 73, sec. 12; Rev. St. 1913, sec. 6300. The later revenue law now in force changed the basis of assessment generally from 20 per cent. of actual value to actual value. Laws 1921, ch. 133, art. II, sec. 1; Comp. St. 1922, sec. 5820. This change in the revenue law, without any change in that part of the school law relating to school district bonds, would multiply the bonding power of a school district five times. To prevent this increase of power and to preserve the former limitation on the burden of taxation, the legislature inserted

in the new revenue law the provision limiting bonded debts to 2 per cent. of the actual value of the taxable property in the taxing district. Comp. St. 1922, sec. 5912. This view of the change is in harmony with the explanation in a recent opinion. *Drew v. Mumford,* 114 Neb. 100.

Was it competent for the legislature, under the title, "An act relating to public revenue; to provide means of administration thereof, * * * and to repeal all acts and parts of acts in conflict" with the new law, to change the limit on the bonded indebtedness of a school district, as fixed by the school law, from 10 per cent. of the assessed valuation of taxable property to 2 per cent. thereof? The constitutional provision that "No bill shall contain more than one subject, and the same shall be clearly expressed in the title," when the language and the purpose are considered, does not seem to require the legislature to pass two bills, one relating to revenue and the other relating to schools, in order to carry out a legislative purpose to make the limitation of the taxing power of school districts correspond to a proper limitation of the general taxing power in the revenue law. The main purpose of the constitutional provision was to prevent surreptitious legislation, and not to put lawmakers in a straight-jacket. The title of an independent act relating to revenue and covering that entire subject would naturally suggest to legislators the granting of taxing power and the limiting of taxing power. Neither is excluded. Both properly relate to revenue as one subject of legislation. The constitutional provision under consideration does not prevent comprehensive titles. Former legislation, dealing separately with taxation and the limitation of taxing power, did not necessarily prevent the lawmakers from legislating on both under the subject of revenue. The title, however, is not limited to "An act relating to public revenue." It goes further and includes "means of administration" of public revenue and declares a purpose to repeal all acts and parts of acts in conflict with the new revenue law. These phrases in the title gave notice of a legislative purpose to repeal all acts and parts

of acts in conflict with the provisions of the bill. Reference was thus made to the conflicting limitation in the school law under which Liberty high school district proceeded in voting and issuing bonds. In the title, the expression "An act relating to public revenue" and the phrase "to provide means of administration thereof" are broad enough to cover general limitations of taxing power and are germane to "revenue." Any other view would hamper lawmaking to an extent not warranted by the language or the purpose of the constitutional provision that "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." The bill was confined to the one subject of revenue, and that subject was clearly expressed in the title, within the meaning of the Constitution.

It is well-settled law that an independent act covering the entire subject of legislation may change or repeal former enactments in conflict with new provisions. In a recent decision it was properly held that the new revenue law, limiting generally bonded debts to 2 per cent. of the actual value of the taxable property in the taxing district, was an act complete in itself, repealing earlier enactments in conflict with new provisions. Comp. St. 1922, secs. 5910-5912; *Drew v. Mumford,* 114 Neb. 100.

In this view of the law, the bonds of Liberty high school district of Sioux county exceeded the amount authorized by statute and the auditor of public accounts properly declined to register them. The demurrer to the application is therefore sustained, the writ denied, and the action

DISMISSED.