GEORGE C. LYONS, APPELLEE, v. HARMON B. AUSTIN, APPELLANT.

FILED FEBRUARY 27, 1934. No. 28833.

*Allen G. Fisher, Charles A. Fisher* and *J. E. Porter,* for appellant.

*E. D. Crites* and *F. A. Crites, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This appeal arises out of an order in a garnishment proceeding in aid of execution. The order found that 10 per cent. of the amount of wages owing the debtor by the garnishee was not exempt and was applicable to the judgment of plaintiff. Austin, the judgment debtor, has appealed.

From the record it appears that some time previous to the present proceeding plaintiff had obtained a judgment against the defendant; that execution had been issued thereon and returned unsatisfied; that he then filed an affidavit for garnishment in aid of execution which was served upon the Chicago & Northwestern Railway Company. That company answered that it had in its possession certain sums as wages due the defendant for services as an engineer. The defendant filed an inventory of his personal property, showing that the total amount of his personal property, other than the wages due him, did not exceed $25, and alleged that he owned neither land, town lots, nor houses subject to exemption as a homestead, and claimed the total amount of his wages as exempt from attachment or garnishment. It was stipulated that the judgment in favor of plaintiff was not rendered for necessaries furnished the defendant or his family.

The trial court found that the debtor was the head of a family, but, nevertheless, that his wages, to the extent of 10 per cent., were subject to garnishment and should be applied towards the payment of plaintiff's judgment,

but that 90 per cent. of the wages were exempt and should be applied according to the direction of the defendant debtor. The only question is whether the 10 per cent. of the wages was exempt from attachment or garnishment.

Plaintiff cites and relies upon *Jones v. Union P. R. Co.,* 84 Neb. 121, and *Woolfson v. Mead,* 96 Neb. 528. Those cases were decided on the statute as it then existed. Section 521 of the Code then provided: "All heads of families who have neither lands, town lots, or houses subject to exemption as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property." Comp. St. 1909, sec. 7092. But subsequently that section was amended and now appears as section 20-1553, Comp. St. 1929, and reads as follows: "All heads of families who have neither lands, town lots or houses subject to exemptions as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property, except wages: * * * The provisions of this section shall not, in any manner, apply to the exemption of wages, that subject being fully provided for by section 546 of this Code." Section 546 of the Code now appears as section 20-1559, Comp. St. 1929, and is as follows: "The wages of all persons who are heads of families, in the hands of those by whom such persons may be employed, both before and after such wages shall be due, shall be exempt from the operation of attachment, execution and garnishee process to the extent of ninety per cent. of the amount of such wages."

It is apparent that the cases cited above and relied upon by defendant are not applicable under the present provisions of the statute. It appears that the 500-dollar exemption in lieu of a homestead may include wages due, or to become due, to the extent of 90 per cent. thereof only, and wages in excess of 90 per cent. are not exempt from garnishment.

Defendant contends that plaintiff's judgment was discharged by an adjudication of defendant's bankruptcy.

There is attached to the record what purports to be a certificate by the clerk of the United States district court for the district of Nebraska, certifying to an order, entered in that court, adjudicating one, named Harmon B. Austin, bankrupt; but such certificate is not contained in, nor any part of, the transcript in the district court or in the bill of exceptions. Whether plaintiff's judgment was extinguished by bankrupt proceedings was a matter that should have been submitted to the trial court. Not having been submitted to the trial court, it cannot here be considered, since the cause is here for review only of the proceedings of the district court.

The finding. and judgment of the trial court appear to be in strict conformity with the present law applicable to the facts presented by the record.

The record seems to be free from prejudicial error. Judgment

AFFIRMED.