STATE, EX REL. CITY OF COLUMBUS, APPELLEE, V. WILLIAM B. PRICE, AUDITOR OF PUBLIC ACCOUNTS, APPELLANT.

FILED MAY 21, 1934. No. 29241.

*Paul F. Good*, Attorney General, and *George W. Ayres*, for appellant.

*George S. Reeder* and *Lowell L. Walker, contra.*

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

DAY, J.

This is an action in mandamus brought by the city of Columbus, as relator, against the state auditor of public accounts, as respondent, to secure a writ requiring the auditor to register certain sewer bonds of the city of Columbus in the amount of $60,000. The trial court issued the writ, and the auditor has appealed from the judgment.

The petition sets out the history of the bonds and alleges that the auditor refused registration. The auditor in his answer admits his refusal, and pleads justification for a number of reasons. These will be discussed in the order in which they appear in the answer.

First. It is contended by respondent that the act under which the bonds were issued, chapter 146, Laws 1933, now sections 18-1401 to 18-1408, Comp. St. Supp. 1933, was amendatory of the sections of the statute which gov-

erned the construction of sewer systems in various cities of Nebraska, which it did not purport to amend or repeal as the Constitution requires, and is therefore invalid and void. Prior to the enactment of this statute, the city of Columbus had authority to erect, extend or improve and maintain a sewerage system and issue bonds payable from taxes. Comp. St. 1929, secs. 16-649 to 16-654. The 1933 act was either amendatory of sections 16-649 to 16-654, Comp. St. 1929, or it was an independent and complete act. If it was amendatory, it violated section 14, art. III of the Constitution, which provides that no law be amended unless the new act contains the sections as amended and repeals the sections amended. *State v. Moore,* 48 Neb. 870; *State v. Cornell,* 50 Neb. 526; *Commercial Savings & Loan Ass'n v. Pyramid Realty Co.,* 121 Neb. 493; *Minier v. Burt County,* 95 Neb. 473. In the last case cited, *Minier v. Burt County, supra,* the appellant places much reliance to sustain his position. Searching the opinion to determine the applicable value of the opinion here, we find that "The original act, as amended and still in force, provides that the county board may raise funds for that purpose by the regular 15 mill levy without a vote of the people, provided that they do not require more than $1,500. This statute provides that they may raise the funds in the same manner to the amount of $100,000 if the proper petition is filed." The *Minier* case is not applicable to the situation here. The question for our determination is whether chapter 146, Laws 1933, was an act complete in itself, or manifestly amendatory to the existing statutes to which it does not refer. See *State v. Moore,* 48 Neb. 870; *Commercial Savings & Loan Ass'n v. Pyramid Realty Co.,* 121 Neb. 493. Quoting from *Stewart v. Barton,* 91 Neb. 96: "Where an act is passed as original and independent legislation and is complete in itself so far as applies to the subject-matter properly embraced within its title, the constitutional provision respecting the manner of amendment and repeal of former

statutes has no application." See, also, 1 Lewis' Suther-
land, Statutory Construction (2d ed.) 446.

We think the test applied by this court in *State v. Bau-
man*, 126 Neb. 566, is accurate in its determination. It
is: "The words of this act standing alone would be mean-
ingless. It is only after it is applied to existing statutory
provisions that it evidences any 'command.' It provides
for no agencies, machinery, or means by which the ob-
ject sought to be promoted may be secured. When applied
to existing laws nothing new, independent, or comple-
mentary results. In other words, if the careful student
should take House Roll 345 and with it annotate his
Compiled Statutes, marking the changes it effects, when
his labor was completed not a single new paragraph
would be written therein, but old provisions irreconcilable
therewith would be changed." Applying that test here,
the provisions of the statutes in question are new, inde-
pendent and complementary. They are independent and
complete, and not amendatory. *State v. Cornell*, 50 Neb.
526; *Hoopes v. Creighton*, 100 Neb. 510. The authority
given the city of Columbus by sections 16-649 to 16-654,
Comp. St. 1929, was not curtailed, restricted, or enlarged
by sections 18-1401 to 18-1408, Comp. St. Supp. 1933. The
latter provides for a different kind of a sewerage system
to be built with a rental charge to the users and to be
paid for from such rentals without tax money. The same
powers remain, but another and a different power was
conferred upon the city. *Bridgeport Irrigation District
v. United States*, 40 Fed. (2d) 827.

Secondly. It is urged that the provisions of the act
(Laws 1933, ch. 146) are broader than the title. The act
attempts to authorize the issue of bonds by cities and vil-
lages in the state of Nebraska which shall not be a
general liability upon the city or village issuing them but
shall be secured only by the property pertaining to the
sewer system of the municipality and the revenue derived
therefrom, and which attempts to authorize a munici-
pality to secure the payment of such bonds by giving a

mortgage upon its sewer system and the revenue derived therefrom. The title reads as follows: "An act authorizing cities and villages to provide a sanitary means of disposing of the sewage and night soil thereof; to charge owners or occupants of premises therefor; to raise money and issue bonds to erect, extend or improve and maintain sewerage systems and sewage disposal plants, and to authorize municipalities to grant franchises and enter into contracts with private corporations for the construction and operation of sewerage systems and sewage disposal plants." The powers which it was attempted by the legislature to be conferred upon cities to finance a sewer project are found in section 18-1402, Comp. St. Supp. 1933: "For the purpose of owning, operating, constructing and equipping such sewage disposal plant and sewerage system or improving or extending such existing system a municipality may issue mortgage bonds therefor. Such mortgage bonds as provided in this section shall not impose any general liability upon the municipality but shall be secured only on the property and revenues as hereinafter provided of such utility including a franchise stating the terms upon which, in case of foreclosure, the purchaser may operate the same, which franchise shall in no case extend for a longer period than twenty years from the date of the sale thereof on foreclosure. Such mortgage bonds shall be sold for not less than par and bear interest at a rate not to exceed six per cent. per annum."

The provision of section 14, art. III of the Constitution of Nebraska, that the subject of a bill shall be clearly expressed in the title has frequently been before this court. In *State v. Johnson*, 116 Neb. 249, it is said: "The main purpose of the constitutional provision that 'No bill shall contain more than one subject, and the same shall be clearly expressed in the title,' was to prevent surreptitious legislation, and not to put the lawmakers in a straightjacket." Again, in *Affholder v. State*, 51 Neb. 91, it was determined: "But this constitutional provision should be

liberally construed, and so construed as to admit of the insertion in a legislative act of all provisions which, though not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in its title; and to admit all provisions which are germane, and not foreign, to the purposes of the act as expressed in its title." See, also, *Nebraska Loan & Building Ass'n v. Perkins*, 61 Neb. 254; *Elliott v. Wille*, 112 Neb. 78. The title of this, an independent act authorizing the construction of sewers and providing that owners or occupants of the premises shall be charged for the services, and to raise money and issue bonds to erect, extend, or improve sewerage systems, is broad enough to include legislation authorizing issuance of mortgage and revenue bonds which do not impose a general liability upon the municipality but are secured only by the property and revenues of the sewerage system. If by a fair and reasonable construction the title calls attention to the subject-matter of the bill, it may be said that the object is expressed in the title. The title of a bill may be general, but must be specific enough to answer the purpose of the constitutional requirement. See *State v. Johnson*, 116 Neb. 249. 1 Lewis' Sutherland, Statutory Construction (2d ed.) 203. The language in the title of chapter 146, Laws 1933, gave notice of a legislative purpose to provide authority for cities to build a different kind of sewerage system by the issuance of bonds to which the property and the revenues of the system were to be pledged, instead of general obligation bonds of the city.

Thirdly. Objection is made to the bonds for the reason that they do not comply with section 16-721, Comp. St. 1929, which provides: "No bonds issued by the city for any purpose, except paving district bonds, shall draw interest at a greater rate than six per cent. per annum, nor be sold for less than par or face value, and shall be redeemable at the option of the city at any time after five years from their date." The provisions of this statute are applicable to the city of Columbus. It is urged that

this section of the statute is general and relates to other things than the five-year payment option clause, and that since the act in question covers two of the three points it was the legislative intent that this specific legislation should govern and these bonds should not be subject to the general act. The bonds in question are special bonds issued by the city for the purpose of erecting a sewerage system and are comprehended within the general act requiring that they shall be redeemable at the option of the city at any time after five years from date, and it clearly appears that it was not the intent of the legislature to amend section 16-721, Comp. St. 1929. This omission in the bonds would justify the auditor in refusing to register them for that reason.

Fourthly. The respondent contends that, since the bonds are not a general obligation of the city, he is not required to register them by section 11-201, Comp. St. 1929. This section requires that all city bonds be registered with the auditor, and the provisions of chapter 146, Laws 1933, do not except these bonds from registration. There is no repugnancy in the statutes, and the contention of the auditor on this point is untenable. The statute requires him to register all proper bonds when presented.

There are other matters set out in the answer of the auditor relating to the details of the provisions of the bonds, but which are not argued in the appellant's brief and are therefore waived. They are not necessary to a determination of the issues. We conclude that the auditor is required to register these bonds except for the vital and fatal omission required by section 16-721, Comp. St. 1929. Consequently, it is necessary to reverse the judgment of the trial court and remand the cause, with directions to deny the writ.

REVERSED.