LIVE STOCK NATIONAL BANK, APPELLEE: FRANK SARGENT, ASSIGNEE, APPELLEE, V. TRUMAN A. JACKSON, APPELLANT: INTER-STATE LIVE STOCK COMMISSION COMPANY, GARNISHEE, APPELLANT.

288 N. W. 515

FILED NOVEMBER 17, 1939. No. 30769.

*Samuel L. Winters,* for appellants.

*Reed, Ramacciotti, Robinson & Hruska* and *Henry R. Marshall, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ., and KROGER and ELLIS, District Judges.

MESSMORE, J.

This is an appeal from a judgment of the district court for Douglas county, rendered in a garnishment proceeding in aid of execution. The case was tried, submitted and decided by the district court on a stipulated statement of facts, in substance as follows:

The Live Stock National Bank recovered a money judgment against the defendant, Truman A. Jackson, which was assigned to Frank Sargent, one of the appellees. Execution was duly issued on the judgment and returned unsatisfied for want of property to levy upon belonging to the defendant Jackson. Subsequent to the return of the execution, garnishee process was issued to the Inter-State Live Stock Commission Company, a copartnership, as garnishee, to appear and answer as to any indebtedness it might owe the defendant Jackson. Said garnishee process was issued upon an application of the plaintiff as required by law. May 8, 1939, the garnishee, Inter-State Live Stock Commission Company, appeared in open court and admitted that it was the employer of the defendant and indebted to him in the sum of $250, for the period covered by the garnishee process, as wages earned by him. Defendant Jackson appeared in said proceedings, filed an affidavit, received in evidence, in which he stated that he was a married man, the head of a family, having a wife and daughter living with and dependent upon him for support; that the wages sought to be garnished in this proceeding were wages earned after the first day of April, 1939, and that he had no other source of income except said wages; that said wages are necessary for the support of himself and family and are exempt, as provided in section 20-1574, Comp. St. 1929.

The district court entered an order as of date June 19, 1939, finding that the defendant is indebted to the plaintiff on the judgment entered herein; that execution against the

defendant had been returned unsatisfied for want of sufficient property on which to levy; that the garnishee, Inter-State Live Stock Commission Company, at the time of its answer, was indebted to defendant Jackson in the sum of $250. The court found as a matter of law that 90 per cent. of said $250 is exempt to the defendant, but that 10 per cent. of said sum is not so exempt and is subject to attachment and garnishment by the plaintiff. From this order defendant Jackson and Inter-State Live Stock Commission Company, garnishee, appeal.

The sole question tried in the lower court was as to whether 90 per cent. of the wages of defendant Jackson was exempt to him under the provisions of section 20-1559, Comp. St. 1929, or whether the whole amount of the wages was exempt to him under the provisions of section 20-1574, Comp. St. 1929.

Appellants' contention is that the act of 1907 (Laws 1907, ch. 160), which is the same as section 20-1559, Comp. St. 1929, is unconstitutional and void for the reason that it is amendatory of section 20-1574, Comp. St. 1929, without so stating in the section and without repealing section 20-1574; hence, there was a violation of section 14, art. III of the Nebraska Constitution, which provides: "No law shall be amended unless the new act contain the section or sections as amended, and the section or sections so amended shall be repealed."

Section 20-1574, Comp. St. 1929, is found under article 15, "Executions and Exemptions," "(c) Proceedings in Aid of Execution," and reads: "The judge may order any property of the judgment debtor, not exempt by law, in the hands of either himself or any other person or corporation, or due to the judgment debtor, to be applied towards the satisfaction of the judgment; but the earnings of the debtor for his personal services, at any time within three months next preceding the order, cannot be so applied, where it is made to appear, by the debtor's affidavit or otherwise, that such earnings are necessary for the use of a family supported wholly or partly by his labor." The foregoing sec-

tion of the statute has been in existence, without change, since 1858, and was a part of the Civil Code enacted in 1858. Complete Session Laws 1858, Part II, pp. 487, 520.

Section 20-1559, Comp. St. 1929, is found under the same chapter as said section 20-1574, with the exception that the former section is under "(b) Exemptions." Section 20-1559 was first enacted February 15, 1869 (Laws 1869, p. 170), and provided "That the wages of laborers, mechanics and clerks, in the hands of those by whom such laborers may be employed, both before and after such wages shall be due, shall be exempt from the operation of attachment, execution or garnishee process; Provided, That not more than sixty days' wages shall be exempt." This act was amended February 25, 1873, to read as follows: "The wages of laborers, mechanics, and clerks *who are heads of families* in the hands of those by whom such laborers, mechanics, or clerks may be employed, both before and after such wages shall be due, shall be exempt from the operation of attachment, execution, and garnishee process; Provided, That not more than sixty days' wages shall be exempt." .Complete Session Laws 1873, p. 729. (Italics ours.)

The similarity between sections 20-1574 and 20-1559, Comp. St. 1929, is apparent, in that section 20-1574 contains the provision "but the earnings of the debtor for his personal services, at any time within three months next preceding the order, cannot be so applied," meaning to the indebtedness; while section 20-1559, before being amended, contained the provision: "Not more than sixty days' wages shall be exempt." In 1907 said section 20-1559 was amended (Laws 1907, ch. 160), and now provides as follows: "The wages of all persons who are heads of families, in the hands of those by whom such persons may be employed, both before and after such wages shall be due, shall be exempt from the operation of attachment, execution and garnishee process to the extent of ninety per cent. of the amount of such wages."

Section 20-1574, Comp. St. 1929, was a part of the Code of Civil Procedure enacted in 1858. The title to the act

was: "An Act to establish a Code of Civil Procedure," and under "Proceedings in Aid of Execution" provided as set out in section 20-1574. The Code did not state in precise terms the subject of exemption of wages; nor did any other enactment of the Code so state until 1869, when section 20-1559 was originally enacted, the title to the act reading: "To Exempt Laborers, Mechanics and Clerks wages in the hands of Employers, from Execution, Attachment and Garnishee Process." We deem it unnecessary to further follow this legislative history. The distinction between section 20-1574 and section 20-1559, in the manner of operation, follows:

Under section 20-1574, Comp. St. 1929, the judgment creditor proceeds directly against the debtor, citing him into court under oath for an examination of his assets. See, also, section 20-1565 *et seq.* to and including section 20-1582, Comp. St. 1929, all relating to proceedings in aid of execution. Also, under the provisions of section 20-1574 the debtor's wages, earned during the previous 90 days, is protected from attachment or execution. Section 20-1559, Comp. St. 1929, provides for exemptions allowed of the wages of heads of families, as classified in the chapter under "(b) Exemptions." If the judgment creditor proceeds directly against the wages earned for any given period by the judgment debtor, an exemption of 90 per cent. obtains. In section 20-1574, *supra,* in the first instance the remedy is by inquiry to ascertain whether a judgment debtor has any assets beyond his exemptions. Under section 20-1559 the remedy is against the *res,* consisting of wages in the hands of a third party, the defendant's employer, who becomes the garnishee and defendant. Under section 20-1559 the judgment creditor proceeds directly against the garnishee, employer, and, in the event of unsatisfactory disclosure, may prosecute his claim to a judgment against him. Under section 20-1574, in aid of execution against the debtor, if property is found which may be applied on the judgment, then by section 20-1575 and other sections of the statute, under "(c) Proceedings in Aid of

Execution," the court may appoint a receiver of the property; forbid a transfer or disposition of the property of the judgment debtor, not exempt by law; by section 20-1577 the judge or referee, acting under the provisions of this chapter, has power to continue the proceedings; and by section 20-1579, disobedience of any order of the judge or referee by the party may be punished as for contempt. So, the distinction between the remedial process of the two statutes here under discussion is more evident when we note the supplemental procedure involved, as above related.

The legislature, from the inception of this legislation, had in mind two types of remedial process for enforcing the collection of judgments. The cases cited under the propositions of law, as contended for by appellants, are cases in which the act is challenged and clearly and uncontrovertably changed or supplemented through laws, without expressly referring to and repealing them. We believe that section 20-1559, Comp. St. 1929, is not only not purely amendatory of section 20-1574, Comp. St. 1929, but it is a complete and independent act on the subject of exemption of wages, and is, as we have pointed out, entirely capable of construction apart from section 20-1574, and that both acts may stand.

It is stated that the district court in the instant case followed the reasoning in *Lyons v. Austin,* 126 Neb. 248, 252 N. W. 908. In that case the garnishee answered that it had money in its possession,—wages,—owing defendant. Defendant filed an inventory of his personal property, showing that its value did not exceed $25, except for wages, and claimed the total amount of wages exempt from judgment or garnishment, citing section 20-1553, Comp. St. 1929, which in part reads: "All heads of families who have neither lands, town lots or houses subject to exemptions as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property." This section further states that this provision shall not in any manner apply to the exemption of wages. Section 20-1559, as hereinbefore

stated, applies to the exemption of wages. The district court in the *Lyons* case found that the debtor was the head of a family; that his wages, with the exception of 10 per cent. thereof, were not subject to garnishment, following section 20-1559, *supra.* Section 20-1553, *supra,* had been amended April 5, 1913, to make it inapplicable to the exemption of wages. Laws 1913, ch. 52. Section 20-1574, Comp. St. 1929, was not amended or repealed by the laws of 1913. It may be gathered from the above decision that the legislature was content, and disclosed its intention, to treat the subject of exemption of wages as separate and distinct from proceedings in aid of execution, and apparently recognized the difference in the subject-matter from that contained in sections 20-1553, 20-1559, and 20-1574, Comp. St. 1929, even though the latter section was not involved in *Lyons v. Austin, supra.* We believe that the two sections of the statute in question may be reasonably construed together.

The modern rule is: "Where an act does not purport to be amendatory, but is enacted as original and independent legislation, and is complete in itself, it is not within the constitutional requirement as to amendments, though it may, by implication, modify or repeal prior acts or parts thereof." 1 Lewis' Sutherland, Statutory Construction (2d ed.) 446, sec. 239. See *Hinman v. Temple,* 133 Neb. 268, 274 N. W. 605; *Scott v. Dohrse,* 130 Neb. 847, 266 N. W. 709; *State v. Price,* 127 Neb. 132, 254 N. W. 889; *State v. Lehmkuhl,* 127 Neb. 812, 257 N. W. 229.

An examination of the act in question (Comp. St. 1929, sec. 20-1559) discloses that it is a complete and independent act. Such being the case, section 14, art. III of the Constitution, does not require that the statute, with which it purports to conflict, should be set out as amended and accompanied by a repeal of such statute.

As stated in 59 C. J. 871: "If an act or statute is in itself complete and intelligible without reference to other legislation, it is not within the prohibition of the constitutional provisions by reason of the fact that it amends other stat-

utes by implication, and it is not necessary that such statutes should be reenacted and set out at length as modified."

For the reasons given in this opinion, the judgment and decree of the trial court should be affirmed.

AFFIRMED.