CHARLES M. THOMSON, TRUSTEE OF THE PROPERTY OF CHICAGO AND NORTHWESTERN RAILWAY COMPANY, APPELLEE, v. CITY OF CHADRON, NEBRASKA, APPELLANT.

16 N. W. 2d 447

FILED NOVEMBER 16, 1944. No. 31836.

*Charles A. Fisher,* for appellant.
*Wymer Dressler* and *Robert D. Neely,* contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER and WENKE, JJ.

CARTER, J.

This is an action to recover excessive taxes paid under protest for the reason that the 1941 tax levy made by the city of Chadron exceeded statutory limits. The trial court held that the city of Chadron illegally levied taxes for items properly belonging within the general fund of said city against the property of the plaintiff in the amount of $604.97. Due to the fact that plaintiff did not demand a refund within 30 days after payment, as required by statute, the recovery of the first installment of $302.48 was held to be barred and a judgment was entered for plaintiff for $302.49 with interest and costs. From the judgment the city appeals.

The record shows that the city by ordinance levied taxes in the amount of 25.55 mills for the benefit of the city for all purposes on all taxable property within the corporate limits of the city for the fiscal year commencing on or about May 1, 1941. Among the specific levies included in this amount were the following: General fund, 3.25 mills; Incidentals, .32 mills; Paving maintenance and improvement, .95 mills; Police, 1.70 mills; and Streets, alleys and sidewalks, 2.83 mills. These items, totaling 9.05 mills, are clearly items falling within the general fund of the city. The city contends that the repair and maintenance of streets, alleys and sidewalks are not a part of the governmental expenses of a city and consequently not an item of expense properly chargeable to the general fund. We think the city is clearly in error in so contending. In *Harms v. City of Beatrice*, 142 Neb. 219, 5 N. W. 2d 287, we said: "It is the duty of the city in the exercise of its governmental functions to keep its streets in a reasonably safe condition for public use." In *State ex rel. Metropolitan Utilities District v. City of Omaha*, 112 Neb. 694, 200 N. W. 871, we held that the maintenance of water hydrants in the public streets was in pursuance of the police power to prevent

fires and that a hydrant tax could be imposed by the legislature because it tended to carry out the sovereign duty to protect the public against conflagrations and was a governmental function in the strict sense. We think the case of *Goodrich v. University Place,* 80 Neb. 774, 115 N. W. 538, cited by the city in support of its contentions, is not at variance with the foregoing decisions. This position is further fortified by the provisions of the statute providing that the cost of repairs to streets, avenues and alleys shall be paid out of the general fund. Comp. St. 1929, sec. 17-431.

It is not disputed that the city of Chadron is a city of the second class governed by the statutes applicable to that class of cities. A city of the second class cannot lawfully levy more than five mills for general fund purposes. Comp. St. Supp. 1939, sec. 17-567. The city attempts to justify the excessive levy by virtue of the language of section 17-431, Comp. St. 1929, which authorizes a tax for street repair to be paid out of the general fund of the city not exceeding eight and one-half mills of the levy for tax purposes. Section 17-431 was enacted prior to 1921 at a time when the valuation for taxing purposes was only 20 per cent of the actual value. In 1921 the legislature changed the valuation for tax purposes to the actual value and limited the maximum levies to be subsequently made to 20 per cent of the maximum levies authorized theretofore. See Laws 1921, ch. 133, art. II, sec. 1, art. XII, sec. 1.

The contention is advanced that the foregoing limitation on the taxing power could not lawfully be enacted without a repeal of the former statutes dealing with the subject, which was not done. This court has held, however, that the revenue act of 1921 covered the whole subject of revenue, was complete in itself and, consequently, a specific repeal or amendment was not required. *Drew v. Mumford,* 114 Neb. 100, 206 N. W. 159; *State ex rel. Liberty High School District v. Johnson,* 116 Neb. 249, 216 N. W. 828. We are of the opinion that the position assumed by the city of Chadron is untenable and that the 1941 tax levy was excessive as claimed.

The city contends that the statutory notice required to be given demanding a refund of the excess tax was fatally at variance with the city ordinance under which it was levied. The ordinance listed the item as follows: "Streets, alleys and sidewalks 2.83 mills." The statutory demand for a refund listed the item as "Repair of streets 2.83 mills." No other item of 2.83 mills appears in the ordinance. No possibility of confusion existed. Clearly, there was a substantial compliance with the statute and the variance is not sufficient to defeat the claim for a refund. See *Bankers Life Assn. v. Commissioners of Douglas County,* 61 Neb. 202, 85 N. W. 54.

We think the trial court came to the correct conclusion. The judgment is therefore affirmed.

AFFIRMED.

CHAPPELL, J., participating on briefs.