STATE OF NEBRASKA EX REL. CITY OF GRAND ISLAND, A
MUNICIPAL CORPORATION, PLAINTIFF, V. RAY C. JOHNSON,
AUDITOR OF PUBLIC ACCOUNTS OF THE STATE OF
NEBRASKA, DEFENDANT.

122 N. W. 2d 240

Filed June 28, 1963.   No. 35518.

Richard L. Huber, Cline, Williams, Wright, Johnson, Oldfather & Thompson, and Allen L. Graves, for plaintiff.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for defendant.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an original action brought by the City of Grand

Island, Nebraska, against Ray C. Johnson, as Auditor of Public Accounts of the State of Nebraska, to obtain a writ of mandamus compelling the auditor to register a storm sewer bond of the city. Leave to docket the action was granted by this court on April 12, 1963, and an alternative writ was issued.

The pleadings consist of the petition of the city and the answer of the auditor, and raise only questions of law.

The proposition of issuing general obligation bonds in the amount of $1,350,000 for the purpose of constructing storm sewers was submitted to the electors of the city on November 6, 1962. At the election, 4,203 votes were cast for the proposition and 3,653 votes were cast against the proposition. The city then adopted an ordinance authorizing the issuance of a bond. On March 19, 1963, the bond was presented to the auditor for registration, but the auditor refused to register the bond.

All bonds issued by a city are required to be registered in the office of the Auditor of Public Accounts. § 10-201, R. R. S. 1943. The city is required to file with the auditor a statement containing a copy of the notice of election and showing the manner and time of publication of the notice; the question submitted; the adoption of the proposition pursuant to which the bond was issued; the vote on the proposition; the date, amount, and number of the bond; and when and where it is payable. § 10-202, R. R. S. 1943. The auditor is required to register all proper bonds when presented. State ex rel. City of Columbus v. Price, 127 Neb. 132, 254 N. W. 889.

The city of Grand Island operates under a home rule charter which provides that before sewer bonds shall be issued, the question of issuance shall be submitted to the electors of the city and "authorized by a majority vote" of the electors voting thereon. § 7, Art. 15, Charter of the City of Grand Island. Section 18-506.01, R. R. S. 1943, provides that general obligation bonds for the construction of sewers may be issued only after "more than sixty per cent of the electors voting at the election"

vote in favor of the issuance of the bonds. The auditor contends that the statute controls over the provision of the charter and that the bond is not entitled to registration since only 53.49 percent of the electors who voted, voted in favor of the issuance of the bond. The question of whether the statute or the charter is controlling is the principal issue in the case.

The Constitution authorizes any city having a population of over 5,000 inhabitants to "frame a charter for its own government, consistent with and subject to the constitution and laws of this state." Art. XI, § 2, Constitution of Nebraska. Where the Legislature has enacted a law affecting municipal affairs, but which is of statewide concern, such law takes precedence over the provisions of a home rule charter. Nagle v. City of Grand Island, 144 Neb. 67, 12 N. W. 2d 540.

It is a judicial question as to whether an act of the Legislature pertains to a matter of statewide concern or to a matter of purely local concern. Dell v. City of Lincoln, 170 Neb. 176, 102 N. W. 2d 62. There is no sure test by which matters of strictly municipal concern may be distinguished from matters of statewide concern. The court must consider each case as it arises and draw the line of demarcation. Carlberg v. Metcalfe, 120 Neb. 481, 234 N. W. 87.

In Michelson v. City of Grand Island, 154 Neb. 654, 48 N. W. 2d 769, 26 A. L. R. 2d 1346, the city had adopted an ordinance which provided for the issuance and sale of revenue bonds to construct additions to its sewerage system and disposal plant. The city had also adopted an ordinance providing rates and charges for the use of the sewerage system and disposal plant. The action was brought to declare these ordinances invalid. The plaintiff in that action argued that the matter of sewage disposal and the financing of such an improvement was of purely local concern and that Chapter 18, article 5, R. R. S. 1943, did not apply to the city of Grand Island. The city argued that Chapter 18, article 5, R. R. S. 1943,

took precedence over the home rule charter. This court held that sanitation and health were matters of state-wide concern, that the state had entered the field, and that Chapter 18, article 5, R. R. S. 1943, was applicable to a city having a home rule charter. We believe that the decision in the Michelson case is controlling in this case.

At the election in which the question of the issuance of the bonds involved in this case was submitted, only 53.49 percent of the electors voting voted in favor of the issuance of the bond. The statute requires that more than 60 percent of the electors voting at the election vote in favor of the issuance of the bond. Consequently, the issuance of the bond was not authorized and it is not entitled to registration.

The writ is denied and the action dismissed.

WRIT DENIED. ACTION DISMISSED.